■ EDWIN MORTENSEN et al., Appellants, v. NOAH CHOOK, Doing business as EAST END CLEANERS and EAST END DRY CLEANERS, LTD., Appellant, and FULTON FIRE INSURANCE COMPANY OF NEW YORK, Respondent.— In an action against defendant Noah Chook, doing business as East End Cleaners and East End Dry Cleaners, Ltd., to recover damages for conversion of two coats and for breach of a contract of bailment (1st cause of action), and for breach of a contract to insure (2d cause of action); and against defendant Fulton Fire Insurance Company of New York to recover upon its policy of insurance issued to defendant Chook (but which named East End Cleaners and Dyers, Ltd., as the assured), such recovery on the policy being sought on the theory that the plaintiffs are third-party beneficiaries thereunder (3d cause of action), said defendant Chook asserted a cross complaint against Fulton, alleging liability over. On November 5, 1958, after trial before the court and jury and after all parties had waived the jury, judgment for $1,311 was entered in the City Court of Long Beach upon the court's decision in favor of plaintiffs against both defendants and in favor of defendant Chook against defendant Fulton on the cross complaint. By permission of this court, plaintiffs and Chook appeal from an order of the Appellate Term, entered July 1, 1959, which reversed so much of such judgment as is against Fulton and which dismissed as to it both the complaint and the cross complaint. Order of the Appellate Term reversed on the law and the facts, and judgment of the City Court of Long Beach reinstated, with costs in this court and in the Appellate Term. The findings of fact stated in the decision of the City Court and implicit in its determination are affirmed. Plaintiffs deposited two coats with Chook for storage, and received first a temporary receipt and agreement which certified that there was insurance for plaintiffs' benefit. Fulton issued an insurance policy to Chook to protect and insure those who deposited garments with him and to insure against his legal liability therefor. The policy provided that it was to be effective as of a certain date; "until cancelled as herein provided". The cancellation provision authorized Fulton to cancel the policy by written notice to the assured "stating when, not less than fifteen days thereafter, such cancellation shall be effective". The policy provided that the premium for the insurance should be computed as a specified monthly rate for each $100 of value. It also provided that the insurance was given upon condition that each receipt other than temporary receipts contain specified provisions. There was no requirement that the receipt specify a period of limitation after which an action would be barred. There was a general condition in the policy that no action would be maintainable unless commenced within 12 months "after discovery by the Assured

of the occurrence which gives rise to the claim". Paragraphs 3 and 4 of the conditions provide that the named assured shall keep an accurate record of all receipts issued, shall report to the insurer not later that the 15th day of every month the aggregate amount of values set forth in the outstanding receipts as of the last day of the preceding month, and shall pay premiums thereon at the rates provided. Fulton did not plead as an affirmative defense that the named assured breached the provisions of paragraphs 3 and 4 of the conditions (see, e.g., *Danerhirsch* v. *Travelers Ind. Co.*, 202 App. Div. 207), nor did Fulton prove such a breach. Even if such defense had been pleaded and factually proven, it would not bar plaintiffs from recovery against Fulton, absent any proof that Fulton cancelled the policy by written notice to the assured prior to the fire which destroyed plaintiffs' garments (see, e.g., *Teeter* v. *Allstate Ins. Co.*, 9 A D 2d, 176). The defense pleaded by Fulton that no action was instituted against it within the time required by the terms of the policy is not a valid defense to plaintiffs' cause of action (*Mortenson* v. *Chook*, 4 A D 2d, 769), nor to the cross complaint (see, e.g., *Sassi* v. *Jersey Trucking Serv.*, 283 App. Div. 73; *Matter of Valstrey Serv. Corp.* v. *Board of Elections*, 2 N Y 2d 413; *Edlux Constr. Corp.* v. *State of New York*, 252 App. Div. 373, affd. 277 N. Y. 635; *Allen* v. *State of New York*, 208 Misc. 385, affd. 2 A D 2d 644). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.