**FINER AMUSEMENTS, INC., Plaintiff-Appellant,**

v.

**CITIZENS INSURANCE COMPANY OF NEW JERSEY, and Underwriters at Lloyd's, London, Defendants-Appellees.**

**No. 14275.**

United States Court of Appeals Seventh Circuit.

Feb. 10, 1964.

George C. Rabens and Marovitz, Powell & Pizer, Chicago, Ill., for appellant.

Fredric H. Stafford, John P. Gorman, and Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Finer Amusements, Inc., an Illinois corporation, brought an action against Citizens Insurance Company of New Jersey and Underwriters at Lloyd's, London, seeking a declaratory judgment that defendants were liable under two fire insurance policies that had been issued to plaintiff. The action was removed from the Superior Court of Cook County, Illinois, to the federal district court. Subsequently, plaintiff filed a supplemental complaint seeking damages of $25,000, the face amount of the two policies. After a court trial, the district judge entered judgment for the insurers. This appeal followed.

Plaintiff leased part of a building (in Chicago) in which it conducted a retail amusement business. It paid $4,125 rent per month. On July 3, 1961, the building was damaged by fire and became untenantable. By the terms of its lease, plaintiff's obligation to pay rent terminated on the day of the fire.

The policies insured against loss of rents for that part of the building (occupied by plaintiff) rendered untenantable by fire but not exceeding the face amount of the policies and in no event for more than the interest of the insured in such rents or for more than the actual loss sustained.

Both policies were subject to a "Rent or Rental Value Form," which in pertinent part reads:

> "The term 'rents' wherever used in this policy shall mean the determined rents and rental value, less such

charges and expenses as do not necessarily continue after destruction or damage by the perils insured against.

"In case the * * * building, or any part thereof, whether rented at the time or not, shall be rendered untenantable by the perils insured against, this Company shall be liable to the Insured for not exceeding the actual loss sustained based upon loss of rents of such untenantable parts, not exceeding the sum insured, * * and in case any portion of the building * * * shall be occupied by the Insured, for his own use, this policy shall extend to and cover the rental value of such portion so occupied, in the same manner as if under lease to a tenant."

The district judge ruled that plaintiff as a tenant had an insurable interest under the policies. He noted that had plaintiff sublet the premises, the sublease would have had a rental value and further, that the policies provided that if part of the building were occupied by the insured for his own use, the policies covered the rental value of the part so occupied "in the same manner as if under lease to a tenant." He concluded that the insured, whether lessee or owner, could recover the rental value of the premises occupied by him for his own use.

The district judge found the rental value of the premises occupied by plaintiff was $4,125 per month, which was the amount claimed. He considered, however, the fact that the policies covered only the actual loss of rents and defined rents as "the determined rents and rental value, less such charges and expenses as do not necessarily continue after destruction or damage by the perils insured against." From this premise he reasoned that since the plaintiff was not obligated to pay rent after the fire, the rent charge should be subtracted from the rental value and the result, the recoverable rental value, equaled zero. He concluded that under the terms of the policies plaintiff had failed to show an actual loss.

Plaintiff contends the district judge erred by holding that only the *net* rental value was insured. It argues that the policies insured the value of the use realized by plaintiff in occupying the leased premises and that this value was equal to the $4,125 monthly rental regardless of the fact it was not obligated to pay rent after the fire.

■■ Plaintiff also argues that the district judge's ruling makes the provision in the policies insuring against loss of *rental value* as distinguished from *rent* a nullity. We disagree. The district judge correctly decided that the policies must be construed as a whole and that plaintiff was not entitled to recover because it had suffered no actual loss. The provision insuring rental value was not ignored. If plaintiff had been the owner occupying its own premises, it would have suffered a loss of rental value either by the necessity of acquiring other quarters or by losing the rental potentiality of the premises. However, as a tenant, plaintiff was not subject to these hazards. Rather, any apparent loss of rental value of the leased premises was offset by the abatement of its obligation to pay rent.

In support of its contentions plaintiff relies on Gray v. Merchants' Ins. Co., 125 Ill.App. 370 (1906), and Whitney Estate Co. v. Northern Assur. Co., 155 Cal. 521, 101 P. 911, 23 L.R.A.,N.S., 123 (1909). These decisions, however, are not applicable to the instant case.

In Gray, suit was brought under a fire insurance policy by the owner of the property—not the tenant—for the recovery of the rental value of that part of the property not rented at the time of the fire. The court allowed recovery because there was an actual loss, that is, a loss of the availability of the premises either for rental or the owner's occupancy.

In Whitney, the owner sued on a fire insurance policy to recover the rental value of property which was being leased at the time of the fire. The insurer sought to deduct service expenses which the owner was no longer required to assume after the building became un-

tenantable. The court held that the insured was entitled to the gross rental value on the grounds that the service expenses were not included in the terms of the policy nor were they readily ascertainable. The case is distinguishable from the present situation because the instant policies contain a clause providing for a deduction from the gross rental value "such charges and expenses as do not necessarily continue after destruction or damage." Moreover, in Whitney the insured was the owner of the property and thus suffered an actual loss of rent.

 Doubtlessly, plaintiff wanted use and occupancy insurance and there is evidence that it thought it had purchased such a policy. The evidence also shows that defendants did not know whether plaintiff was the owner or tenant of the building and that plaintiff received the insurance it ordered from the insurance broker. A unilateral intention or mistake on the part of plaintiff does not permit the contract of insurance to be construed other than what its plain and unambiguous terms dictate.

The district judge observed that the policies afforded rent insurance rather than business interruption insurance. We agree. Plaintiff's argument is tantamount to asking that the policies be reformed to provide for loss of use and occupancy.

Prior to suit defendants informed plaintiff that they were not liable under the policies because it lacked an insurable interest. Plaintiff contends that defendants cannot deviate from their original defense to assert the new defense that there was no actual loss of rental value.

We think plaintiff's contention is without merit. In Weston v. State Mut. Life Assur. Co., 234 Ill. 492, 84 N.E. 1073 (1908), the Illinois appellate court held that an insurance company is not restricted in its defense in an action on a policy to the reason assigned in its refusal to pay if the insured has not been misled to his injury by the failure to give other reasons. See also Buysse v. Con-

necticut Fire Ins. Co., 240 Ill.App. 324 (1926). Plaintiff does not claim it was misled by defendants' letter or that it was prejudiced by their subsequent assertion that it had not suffered a loss.

We do not think that Coulter v. Am. Employers' Ins. Co., 333 Ill.App. 631, 78 N.E.2d 131 (1948), cited by plaintiff as contrary authority, stands for the proposition that an insured is relieved of his burden to prove the extent of his loss because the insurer failed to specifically deny the loss when the claim was made by the insured. No waiver of that burden results by the insurer's assertion of defenses that do not include a denial of loss. It seems self-evident that a denial of liability, regardless of grounds, implicitly carries with it the condition that the insured must prove, unless it is admitted, the extent of his loss.

The judgment is affirmed.