446 P.2d 210

**R. H. LARSON and Virginia Larson, Husband and wife, Plaintiffs-Appellants,**

v.

**OCCIDENTAL FIRE AND CASUALTY COMPANY, Garnishee-Appellee.**

**OCCIDENTAL FIRE AND CASUALTY COMPANY, Plaintiff-Appellee,**

v.

**R. H. LARSON and Virginia Larson, his wife, Defendants-Appellants.**

No. 8558.

Supreme Court of New Mexico.

Oct. 21, 1968.

Smith, Ransom, Deaton & Reagan, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Joseph J. Mullins, Albuquerque, for appellee Occidental Fire and Casualty Co.

Modrall, Seymour, Sperling, Roehl & Harris; Frank H. Allen, Jr., Albuquerque, for appellee James W. Rutherford and State Insurance Agency.

OPINION

NOBLE, Justice.

R. H. and Virginia Larson (hereafter referred to as Larson) obtained a default judgment in Arizona against Triangle Oil Company (hereafter referred to as Triangle) for personal injuries sustained by Larson in an accident occurring in Arizona between the Larson automobile and a Triangle truck. The Arizona judgment was domesticated in New Mexico. Larson sought to subject an Occidental Fire

and Casualty Company (hereafter referred to as Occidental) policy of liability insurance on Triangle's trucks to payment of the judgment. Occidental brought a declaratory judgment action against Larson; State Insurance Agency, an insurance broker; and James W. Rutherford, its agent, to determine the extent of its liability under its insurance policy. Judgment in the declaratory suit dismissed the writ of garnishment against Occidental and determined that Occidental was not obligated under its policy. The Larsons have appealed.

This case turns on whether the Triangle truck involved in this accident was covered by the Occidental policy. Triangle's president, realizing that insurance was not ordinarily afforded for vehicles leased to others, discussed its insurance problems with Rutherford. The trial court found that Rutherford agreed to procure a policy covering leased vehicles but that Triangle agreed that insurance for the truck involved in this accident need only be provided within the territorial limits of the State of New Mexico, including the Navajo Indian Reservation. Larson has challenged the territorial limits finding but our review of the record convinces us that it has substantial support in the evidence.

■ The Occidental policy procured by Rutherford contained (1) an exclusion of coverage for injuries caused by Triangle's vehicles while leased to others, and (2) a "restricted territory and radius endorsement" limiting coverage on certain trucks to the territorial boundaries of New Mexico, including the Navajo Indian Reservation. By reason of our disposition of this case, we need not resolve the question of whether the exclusion of leased vehicles was effective. Because this accident occurred outside of the territorial limits applicable to the truck involved in this accident, the trial court correctly determined that Occidental had no liability and dismissed the writ of garnishment.

■ We are not impressed by the argument that the New Mexico Motor Vehicle Financial Responsibility Law requires a different result. New Mexico has no general statutory provision making insurance compulsory in all cases. The statute in force at the time of this accident pertaining to proof of financial responsibility for the future, ch. 182, Laws 1955, applied only to drivers who had had prior accidents and who would otherwise have been prohibited from continuing to operate a motor vehicle. Farmer Ins. Exchange v. Ledesma, 214 F.2d 495 (10th Cir. 1954) (construing predecessor provisions). A policy covering insurance for the future pursuant to this act constituted proof of a driver's future financial responsibility necessary to his continued operation of a vehicle. The owner or person covered by the policy must have been brought within the scope of the statute by prior accident before its provisions applied. American Serv. Mut. Ins. Co. v. Parviz, 153 Colo. 490, 386 P.2d 982; Safeco Ins. Co. of America v. Gonacha, 142 Colo. 170, 350 P.2d 189. Section 8 of the policy in question, providing: "When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle responsibility law * * *," extends the coverage under the financial responsibility provisions of the statute only after the driver has been involved in an accident for which he was unable to respond in damages. Since no prior accident was alleged, the financial responsibility provisions did not become effective and the territorial limitation contained in the policy controls.

Farmer Ins. Exchange v. Ledesma, supra, while correctly construing the financial responsibility statute then in force, is clearly distinguishable because of entirely different policy provisions. In Ledesma a unique policy provision made the provisions of the act applicable immediately upon the effective date of the policy, thus eliminating the necessity of a prior accident to extend the policy coverage.

■ The record before us fails to disclose that the Arizona financial responsibility statutes were submitted or presented

**564**

to the trial court. Absent pleading or proof to the contrary, the law of a sister state is presumed to be the same as the law of the forum. Boswell v. Rio De Oro Uranium Mines, Inc., 68 N.M. 457, 362 P.2d 991. It is true that Occidental initially advised Triangle there was no policy coverage because the vehicle had been leased to another and did not then deny liability on the ground that the accident occurred outside the territorial limits of the policy coverage. Ordinarily, when an insurer, with knowledge of all pertinent facts, denies liability upon a specific ground, all other grounds are deemed to be waived. 16A Appleman, Insurance Law and Practice, § 9260; 45 C.J.S. Insurance § 707. This waiver is conditioned, however, upon a showing of detriment or prejudice. 16A Appleman, supra, § 9261; 45 C.J.S., supra; Lancon v. Employers Nat'l Life Ins. Co., 424 S.W.2d 321 (Tex. Civ.App.1968); Scott v. Industrial Life Ins. Co., 411 S.W.2d 769 (Tex.Civ.App. 1967); Finer Amusements, Inc. v. Citizens Ins. Co., 327 F.2d 773 (7th Cir. 1964). We find nothing in this case to indicate that the insured acted upon the announced ground or incurred any expense, loss or detriment in reliance upon it. Accordingly, we find no error in the trial court's conclusion that the failure of Occidental originally to deny coverage upon the ground that the accident occurred outside the territorial limits covered by the policy did not operate to estop it to later claim that ground.

Furthermore, neither waiver nor estoppel were pled as required by Rule of Civil Procedure 8(c) (§ 21–1–1(8) (c), N.M.S.A.1953); Yrisarri v. Wallis, 76 N.M. 776, 418 P.2d 852.

By reason of our disposition of the principal question involved it is unnecessary to discuss other questions argued.

It follows that the judgment appealed from must be affirmed.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.