Max Bloom, J.
Plaintiffs spe to recover for losses alleged to have occurred by reason of the bailment of certain household effects. The defendants are a warehouseman, an insurance broker, and the Insurance Company of North America (INA). INA now moves for summary judgment on the seventh cause of action, the sole claim advanced against it.
The facts are not in dispute. On or about May 16, 1968, plaintiffs removed from the apartment then occupied by them at 700 Park Avenue. Certain of their belongings were removed by them from the apartment. In large part, however, they placed their rather valuable household items in storage with Day & Meyer, Murray and Young Corp., a warehouseman.
Thereafter, sometime in March, 1969, plaintiffs requested delivery of the bailed effects to their apartment at 30 Sutton Place. Delivery took place between March 26, 1969 and April 2, 1969. Inspection of the delivered articles indicated that many of those originally bailed were never redelivered, while others were redelivered in broken condition.
At the time, these household articles were covered by various policies issued by INA. Each of those policies contained the following condition: “ Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.
‘ ‘ Provided, however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceedings be commenced within the shortest limit of time permitted by the laws of such State to be fixed herein.” (Italics supplied.)
Negotiations by plaintiffs with the several defendants and another insurer not here involved, dragged. On November 14, 1969, plaintiffs, in the endeavor to bring these negotiations to-a head, sent a letter to all of them making formal claim for damages. So far as INA was concerned this letter had some effect. Formal proof of claim, dated December 30, 1969 and verified January 12, 1970, in the sum- of $725.57 was transmitted by plaintiffs and on January 19', 1970, INA issued its draft to plaintiffs in payment of that claim.
*561 While there is no certainty as to the date when the loss actually occurred, it is plain that knowledge thereof was not imparted to plaintiffs prior to the period of March 26 — April 2, 1969 when the property was delivered to 30 Sutton Place. Since everyone has taken that period as the date of loss, all of the events thus far related took place ‘ ‘ within twelve months next after the inception of the loss.”
Thereafter, the plaintiffs, by letter dated May 25, 1970, addressed to Marsh & McLennan, Inc., their insurance broker, returned INA’s draft on the ground that it was “ insufficient to cover all the items.” The letter asserted a further claim for items discovered to be lost, all but one of which had been appraised on March 4, 1970, still “ within twelve months next after the inception of the loss ”. On July 8, 1970, Marsh & McLennan, Inc., forwarded the letter and the draft to INA with the suggestion that plaintiffs be contacted in connection with this claim.
On July 21,1970 INA responded to this letter by pointing out that, in light of the time passage, it would need a “written agreement ’ ’ that consideration of this claim would be ‘ ‘ strictly without prejudice * * =>:= and without any waiver of our rights under any of the policies the assured now holds.” Agreement to this condition was contained in plaintiffs’ letter of August 11, 1970. On September 9, 1970 INA notified Marsh & McLennan, Inc. that it was rejecting the claim “inasmuch as more than 1 year has expired since the loss occurred.” Thereafter, on April 16, 1971, this action was instituted.
Section 168 of the Insurance Law specifies terms which may be included in fire insurancies policies and in ‘1 supplemental contract or contracts or extended coverage endorsements ” which insure ‘ ‘ against one or more perils which the insurer is empowered to assume ” (former subd. 5). Former subdivision 6 provided that action upon such policy will not lie ‘ ‘ unless commenced within twelve months next after inception of the loss. ’ ’ Although the Insurance Law does not specifically make this provision applicable to the types of insurance herein involved, the provision is included in many types of insurance. Its applicability to the policies here involved is not disputed.
In Proc v. Home Ins. Co. (17 N Y 2d 239), the background and history of the clause was reviewed and the court concluded that the language was precise and definitive. It held that action was required to be brought within one year from the date of the inception of the loss even though other clauses of the contract precluded suit until after a proof of claim had been filed and the insurer allowed 60 days after filing of the proof to pay the *562 claim (to the same effect see Margulies v. Quaker City Fire & Marine Ins. Co., 276 App. Div. 695; Thames Beatty Corp. v. Massachusetts Fire & Marine Ins. Co., 16 Misc 2d 747; for eases in other jurisdictions which are in accord, see Proc v. Home Ins. Co., supra, p. 244, n. 1).
Plaintiffs, while recognizing the validity of the provision, contest its applicability, contending that it was not until some time after delivery by the warehouseman that they discovered the damage. They assert that this discovery occurred much after the redelivery of the household effects and, arguably within one year prior to the commencement of the action. Accordingly, they contend that the action is not time-barred by the policy provision and, by consequence, the motion must be denied.
Sassi v. Jersey Trucking Serv. (283 App. Div. 73), upon which they rely, does not sustain their contention. There the defendant was a trucking service. After it had received a quantity of merchandise for delivery to specific consignees and before delivery, trucks and merchandise were stolen from its garage. Defendant thereupon notified its insurer of the loss. During the next three years the insurer investigated claims and endeavored to settle them. The negotiations bore no fruit and, more than three years after the theft, suit was brought against the trucking service which immediately impleaded its insurer. The insurer, relying on a clause in the policy identical in substance to that contained in the policy in the case at bar, sought summary judgment. In denying the application the court pointed out the short Statute of Limitations contained in the policy ‘ ‘ runs only from the time when under the other policy provisions the insurance company may lawfully be called upon to pay the loss ” (p. 77). This did not happen with the theft. The loss contemplated by the policy came into being only if and when the liability of the trucking company to the owners of the goods was determined. Hence, the one-year period was held to commence with the determination of the liability of the trucking company.
In the instant case the damage complained of occurred at or prior to the last delivery on April 2, 1969. At that time, loss was occasioned to plaintiff’s and defendants’ liability came into play. That the loss was not then ascertained is immaterial, so long as it was ascertainable (Pomilla v. Great Amer. Ins. Co., 14 N Y 2d 567). As a result, plaintiffs were required to bring their action on or before April % 1970. Their failure to do so is a bar to this suit.
Plaintiffs further assert that INA has waived the policy provision requiring the institution of the suit within 12 months *563 from the inception of the loss and is, therefore, estopped from asserting it. If waiver there was, INA may be barred from asserting the contractual short statute (Proc v. Home Ins. Co., supra; Mass v. Great Amer. Ins. Co., 28 A D 2d 897). Examination of the record is, therefore, warranted to determine whether any triable issue is raised with respect thereto.
The papers submitted establish that plaintiffs submitted their proof of claim in January, 1970 and payment thereon in the claimed amount was made the same month. All of this took place prior to the expiration of 12 months from the inception of the loss. Plaintiffs ’ first assertion of a further claim occurred with the letter of May 25, 1970, after the 12-month period had expired. INA received notice of this claim not earlier than July 8, 1970. Its response of July 21, 1970 expressly negatived any waiver — a position which it has consistently maintained.
To overcome this hurdle plaintiffs contend that Marsh & McLennan, Inc., plaintiffs’ brokers, acted as agents for INA in requesting information, verifying losses and holding settlement conferences. This claim, however, is expressly negatived by the two causes of action set forth against these brokers in the verified complaint in which it is asserted that they were plaintiffs’ agents and owed fiduciary responsibility to them.
In these circumstances no issue of waiver or estoppel is raised and the action against INA is time-barred. Accordingly, INA’s motion for summary judgment is granted.
The cross motion to amend the title of the action by substituting the executor of the estate of Audrey C. McAlpin, in her place and stead, is granted.