542 P.2d 434

Robert Terry PETERSON and Bursch Truck-
ing, Inc., Plaintiffs-Appellees,

v.

J. M. ROMERO, as Administrator of the Es-
tate of Joe M. Romero, Deceased, and J. M.
Romero, Individually, Defendants and
Third-Party Plaintiffs-Appellants,

v.

The HERTZ CORPORATION and Royal
Globe Insurance Company, Third-
Party Defendants-Appellees.

No. 1854.

Court of Appeals of New Mexico.

Oct. 28, 1975.

Rolando J. Matteucci, Albuquerque, for
defendants and third-party plaintiffs-appel-
lants.

Paul L. Butt, Alan C. Torgerson, Shaffer, Butt, Jones & Thornton, Albuquerque, for third-party defendants-appellees.

## OPINION

SUTIN, Judge.

Summary judgment was entered in favor of The Hertz Corporation and Royal Globe Insurance Company, its insurer, third-party defendants, and against J. M. Romero, administrator of the estate of Joe M. Romero, deceased (decedent), and J. M. Romero, individually (Romero), third-party plaintiffs. Romero appeals. We affirm.

On June 10, 1972, decedent was killed in an automobile accident. His estate and Romero were sued by plaintiffs for damages. Romero requested Hertz to defend the action under the rental contract and Hertz refused.

The trial court found that (1) decedent, at the time of the accident, was *18 years of age* and he was driving a Hertz car rented by Romero; that the rental contract provided in part:

7. Vehicle shall NOT be operated by any person except Customer and the following Authorized Operators, each of whom must be duly qualified and licensed to drive and must have received Customer's advance permission:

(a) *persons of full age (21 years)* who are members of the immediate family of Customer and permanently residing in Customer's household. [Emphasis added.]

(2) Because decedent was below 21 years of age, no genuine issue of material fact existed and an interlocutory summary judgment was entered.

Romero and decedent complied with the requirements of paragraph 7, supra, except for the age of decedent.

The first issue is whether Romero and decedent's estate were covered by the insurance provisions of the rental contract. This is a matter of first impression.

A. *Section 13–13–1(A), (B) does not modify the rental contract as to age.*

Section 13–13–1(A), (B), N.M.S.A. 1953 (Repl.Vol. 3, 1973 Supp.) was in effect at the time of the rental contract by virtue of the enactment of the New Mexico Age of Majority Act of 1971. It provided in pertinent part that:

A. Except as provided in Subsection B * * * notwithstanding any law to the contrary:

(1) any person who has reached his eighteenth birthday shall be considered to have reached his majority and is an adult for all purposes the same as if he had reached his twenty-first birthday;

(2) any law conferring any right or privilege, or imposing any duty or obligation, upon any person who has reached his twenty-first birthday shall apply to any person who has reached his eighteenth birthday;

(3) any law which denies any right or privilege to persons who have not reached their twenty-first birthday shall apply only to persons who have not reached their eighteenth birthday; and

(4) any law, except the Liquor Control Act [§§ 46–1–1 to 46–11–4], which differentiates between treatment to be accorded persons who have reached their twenty-first birthday and those who have not, shall differentiate between treatment to be accorded persons who have reached their eighteenth birthday and those who have not.

B. It is the intent of the legislature that this general law shall control over any conflicting prior special law except that it shall not apply to or change any age requirements for exercising the elective franchise.

Does this statute modify the Hertz rental contract by substituting "18 years" for "21 years"? The answer is "no".

Thus far, § 13–13–1 has been applied in two divorce cases. *Phelps v. Phelps*, 85 N.M. 62, 509 P.2d 254 (1973); *Mason v.*

*Mason,* 84 N.M. 720, 507 P.2d 781 (1973). In each case, it was held that, for purposes of paying support for minor children, support stops when the children reach eighteen years of age.

It has been said that "an unmarried 18-year-old of either sex, . . . under the Age of Majority Act passed by the 1971 New Mexico Legislature, has full powers to contract * * *." Bingaman, The Effects of an Equal Rights Amendment on the New Mexico System of Community Property: Problems of Characterization, Management and Control, 3 N.M. L.Rev. 11, 39 (1973) (footnote omitted).

No authority has been cited and we have found none which determines what effect, if any, § 13–13–1(A) has on the rental contract entered into by Romero.

Kentucky and Michigan have similar Age of Majority Acts. Ky.Rev.Stat. § 2.-015 (1970); 37 Mich.Compiled Laws Ann. § 722.52 (Supp.1972). The closest analogy we can find comes from Kentucky in a number of divorce cases. These cases involved the situation in which, at the time of the divorce and before the enactment of the Age of Majority Act, the father agreed to support his minor children until they reached "majority". In each case, the court held that the agreement between the parties would control, not the statutory provision, and that the father had to support the children until age 21. *Showalter v. Showalter,* 497 S.W.2d 420 (Ky.1973). "In construing a contract, the intention of the parties govern." *Wilcox v. Wilcox,* 406 S.W.2d 152, 153 (Ky.1966). "The enactment of the statute made no change in this contract." *Collins v. Collins,* 418 S.W.2d 739, 740 (Ky.1967).

■ The statute is broad when it states that decedent "is an adult for all purposes the same as if he had reached his twenty-first birthday." What is meant by the phrase "for all purposes"? We believe that the phrase "for all purposes" does not bar the right of parties to a contract to agree that "of full age" may be stipulated to mean 21 years.

The intent of the legislature is clear. Subsection B declared that the purpose of the statute was to substitute the age of 18 for the age of 21 when any prior *special law* fixed an adult age of 21 years, subject to the specific exception of liquor control.

■ "For all purposes" means that when a prior *special law* fixes the age of 21 years, a person of the age of 18 years is an adult, and subject to the provisions of the special law, "for all purposes" of that special law.

We can find no analogical or interpretive basis for the contention that "for all purposes" means that a person 18 years of age is an adult in every phase of law, including the law of contracts and the modification of contracts.

"The phrase 'for any purpose' * * * is not all-encompassing, but is restricted to a reasonable construction by the context of the entire statute and the purposes of the act. [Citation omitted.]" *Pacific Insurance Co., Ltd. v. Oregon Auto Ins. Co.,* 53 Hawaii 208, 212, 490 P.2d 899, 902 (1971). The Hawaiian Court held that where the interpretation of the phrase "for any purpose" was totally inconsistent with the purposes of the Act as well as unreasonable and absurd, a departure from a literal construction is justified even in the absence of statutory ambiguity.

■ We hold that a reasonable construction of § 13–13–1(A) should not lead to the unreasonable and absurd result that the contract language "of full age (21 years)" means "18 years". Romero and decedent were not covered by the Hertz rental agreement.

B. *Other issues raised do not create an issue of fact.*

■ Plaintiff contends provisions of the contract which read "full age (21 years)" is ambiguous and on the basis of the asserted ambiguity we should hold that "full age" means 18 years. There is no ambigu-

ity. "Twenty-one years" clearly and unambiguously shows the meaning of "full age".

Plaintiff contends paragraph 6(a) of the rental contract is void and unenforceable because it violates § 64-24-87, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 2). This section contains a provision stating who is to be an insured under our Financial Responsibility Law. There is nothing in this record indicating the Financial Responsibility Law was applicable. *Larson v. Occidental Fire and Casualty Company*, 79 N.M. 562, 446 P.2d 210 (1968).

Plaintiff contends summary judgment was improper because there is nothing showing the presence or absence of a causal connection between the age of the decedent and the accident. This contention is based on decisions to the effect that the purpose was to relieve the insurance company of liability from accidents caused by the exclusion. See *McGee v. Globe Indemnity Co.*, 173 S.C. 380, 175 S.E. 849 (1934); *Bailey v. United States Fidelity & Guarantee Co.*, 185 S.C. 169, 193 S.E. 638 (1937). The "causal connection" argument overlooks the fact that the issue is rights under a contract and not a matter of tort liability. Causal connection between decedent's age and the accident did not have to be shown. *Witzko v. Koenig*, 224 Wis. 674, 272 N.W. 864 (1937); *Giacomo v. State Farm Mut. Automobile Ins. Co.*, 203 Minn. 185, 280 N.W. 653 (1938).

Affirmed.

It is so ordered,

WOOD, C. J., and LOPEZ, J., concur.