552 P.2d 1240

H. O. WISEMAN, d/b/a Wiseman Cattle Company, Plaintiff-Appellee,

v.

ARROW FREIGHTWAYS, INC., Defendant and Third-Party Plaintiff-Appellee,

v.

The HARTFORD INSURANCE GROUP, Third-Party Defendant-Appellant.

No. 2366.

Court of Appeals of New Mexico.

July 13, 1976.

Certiorari Denied Aug. 4, 1976.

William P. Gralow, Civerolo, Hanson & Wolf, Albuquerque, for appellant.

Thomas A. Tabet, Marchiondo & Berry, P. A., Albuquerque, for Wiseman.

Jack Smith, Albuquerque, for Arrow Freightways.

## OPINION

WOOD, Chief Judge.

The appeal involves a "time to sue" provision of a livestock transportation policy. The provision states:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve (12) months next after the loss occurs . . ."

Certain of plaintiff's cattle were killed or crippled while being transported by Arrow (Arrow Freightways, Inc.). The accident occurred October 30, 1972. Plaintiff brought suit for the loss June 26, 1974. Arrow brought a third-party suit against Hartford, who had insured the transportation of the cattle, on March 21, 1975. Hartford relied on the "time to sue" provision in defending the third-party claim.

Plaintiff recovered judgment against Arrow for his loss less a setoff for transportation costs. This portion of the judgment is not involved in the appeal. The trial court entered judgment in favor of Arrow and against Hartford for the amount of the loss. Hartford appeals contending the trial court erred in failing to give effect to the "time to sue" provision of the insurance policy. We agree.

On January 9, 1973 Hartford denied liability under the policy on the basis that notice of loss had not been properly communicated to Hartford. Arrow asserts that once Hartford denied liability on a specific ground, it waived other grounds for denying liability, including the "time to sue" defense. See *Larson v. Occidental Fire and Casualty Company*, 79 N.M. 562, 446 P.2d 210 (1968); *Miller v. Phoenix Assur. Co., Limited, of London*, 52 N.M. 68, 191 P.2d 993 (1948). We do not consider whether the defense was waived. Arrow did not reply to Hartford's answer asserting the defense; waiver was not pled. *Larson v. Occidental Fire and Casualty Company*, supra. No theory of waiver appears in Arrow's requested findings and conclusions. In addition, the trial court did not rule on any question of waiver. See *Fredenburgh v. Allied Van Lines, Inc.*, 79 N.M. 593, 446 P.2d 868 (1968). The question of waiver is raised for the first time on appeal; it will not be considered. App. Rule 11.

The trial court ruled that Arrow "could not bring an action until a loss had actually occurred, such loss did not occur until the filing of this action." Arrow's view of this finding is that Arrow did not have a loss "until such time as judgment is entered against it and the Court declares a loss has occurred." Under either the finding or Ar-

row's interpretation of the finding, we review the policy provisions to determine the meaning of "loss".

The policy refers to "loss by reason of death and crippling . . . of live stock . . . ." It refers to animals crippled or killed and the amount of loss thereby ensuing. In case of loss, the trucker agrees to report the loss within a reasonable time. Payment of loss is to be made after adjustment of the loss. Whether ambiguity exists is a matter of law. *McDonald v. Journey*, 81 N.M. 141, 464 P.2d 560 (Ct.App.1970). The policy provisions are not ambiguous. "Loss" under the policy means loss to livestock; "loss" under the policy does not mean the filing of a lawsuit or the entry of judgment. The trial court erred in ruling that loss did not occur until the lawsuit was filed.

The "time to sue" provision began to run on October 30, 1972, when there was a loss to livestock. No suit having been commenced within twelve months of the loss, the time limit defense would appear to apply. However, the trial court ruled that the defense was against public policy and unenforceable.

*Electric Gin Co. v. Firemen's Fund Ins. Co.,* 39 N.M. 73, 39 P.2d 1024 (1935) held that a twelve-month time to sue provision was not void as being against the public policy represented by the general statute of limitation for suits on written contracts. Arrow does not argue such a policy provision. Arrow asserts that the loss to the livestock was plaintiff's loss; that plaintiff was not a party to the insurance contract and not bound by the twelve-month provision. Arrow contends that it was in no position to bring suit against Hartford until plaintiff sued Arrow. Arrow asserts that application of the twelve-month provision against Arrow places a "difficult, if not impossible burden" upon Arrow. Arrow relies on *Sassi v. Jersey Trucking Service,* 283 App.Div. 73, 126 N.Y.S.2d 389 (1953).

*Sassi,* supra, involved a theft from cargo being transported by the insured trucker. The "time to sue" provision was twelve months after the happening of the loss. The "loss" was held to be the time when the insured was in a position to sue the insurance company because the policy provided the insurance company would pay "*'for which loss or damage the insured may be held legally liable.'*" (Emphasis in Original.) There is no "legally liable" clause in Hartford's policy. *W. C. Brooks v. Great American Insurance Company,* 131 Ill.App.2d 781, 267 N.E.2d 132 (1971) is of no assistance because the provisions of the insurance policy are not reported. Neither of the above cases support the trial court's ruling.

Arrow's argument that it could not proceed against Hartford until Arrow was sued by plaintiff does not accord with the provisions of the policy. The policy provides that Arrow was insured "for the account of the owners" of the livestock. Payment of loss was to be made to the owner (plaintiff) or to the owner and the trucker (Arrow). Under these provisions, Arrow, as the insured, could have proceeded against Hartford for the account of plaintiff at any time after the loss occurred.

Arrow has advanced no public policy reason why the "time to sue" provision should not be enforced. The trial court erred in not giving effect to that provision. The judgment is reversed. The cause is remanded with instructions to enter an amended judgment in favor of Hartford on Arrow's third-party claim.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting).

I dissent.

I think the word "loss" in this contract is ambiguous. Thus, it is my opinion that

the general principles applicable to the interpretation of insurance contracts should be followed and "loss" should be held to refer to the time when a judgment is entered against Arrow.

The insurance company's argument that loss refers to the accident which is the basis for liability is a reasonable interpretation with decisional support. See, e. g. *Mount Vernon Bank & Trust Co. v. Aetna Casualty & Sur. Co.*, 224 F.Supp. 666 (E.D.Va.1963).

Similarly Arrow's argument that it suffered no loss until a judgment was entered against it is a reasonable interpretation of the phrase and is supported by case law. In *Pierce v. Standard Accident Ins. Co.*, 70 Ill.App.2d 224, 216 N.E.2d 818 (1966), the issue was the effect of a limitations provision in an insurance policy procured by a person in the business of repairing boats. The policy covered loss to boats which were left in that person's possession. The insurance contract had a requirement that suit be commenced within "12 months next after inception of the loss" yet the court allowed a suit filed more than twelve months after the theft of a boat. The court noted that the boat was not the property of the insured, and that the insured suffered no loss until he was sued for the loss of the boat by the boat's owner. Thus, the court concluded, it was clear that the policy was one of indemnification, rather than liability and the loss to the insured occurred when a judgment was rendered against him. Accord, *W. C. Brooks v. Great American Insurance Company*, 131 Ill.App.2d 781, 267 N.E.2d 132 (1971).

In *Sassi v. Jersey Trucking Service*, 283 App.Div. 73, 126 N.Y.S.2d 389 (Sup. Ct.1953) the court concluded that the word "loss" was ambiguous. In that case a trucking company was insured for damage to another's property while in the trucker's possession. Merchandise was stolen from the truck and the owners sued the truckers, who in turn sued the insurance company. The issue was whether the action by the truckers was barred by the policy's limitation of action period, which required that suit be brought within twelve months of the "happening of the loss."

The court approached the issue by looking to the policy as a whole to determine when the loss to the insured was deemed to take place. The payments were to be made to the owner for damages for which the insured would be legally liable. The court concluded that the insured would suffer no loss until his liability to the owners was established. The insurance contract in *Pierce* also provided that the insurance covered losses for which the insured was legally liable.

The opinion of the majority finds these cases distinguishable on the grounds that the insured in the instant case could recover for damage without a claim by the owner. Although I do not believe that the policy is unambiguous on this score, I think the provisions in the policy requiring that payment be made to the owner, and stating that the policy is for the account of the owner, indicate that the policy contemplates payment when the owner has a legal claim against Arrow and not otherwise. Thus, the description of the scope of the insurance coverage in *Pierce* and *Sassi* is not a point of distinction.

This interpretation of the policy is not free from criticism. However, there are two principles by which I am guided in interpreting it this way. One factor is that in a policy of this sort, where the damaged property does not belong to the insured, the time for the bringing of suit is effectively controlled by the actions of the owner, who is not bound by the contractual limitations. *Mortenson v. Chook*, 145 N.Y.S.2d 609 (City Ct.1955), aff'd, 10 A.D.2d 962, 201 N.Y.S.2d 624 (1960). Where the insured is the owner, a different result is reached. *McAlpin v. Day & Meyer*, 327 N.Y.S.2d 387 (Sup.Ct.1971).

The second factor which should guide our interpretation of this clause is that

principle of construction which states that ambiguous phrases are to be interpreted liberally in favor of the insured. *Mountain St. M. C. Co. v. Northeastern N. M. Fair Ass'n,* 84 N.M. 779, 508 P.2d 588 (1973); *Couey v. National Benefit Life Insurance Company,* 77 N.M. 512, 424 P.2d 793 (1967). In *Sassi* the court commented upon this principle of interpretation:

"Some intricate policy provisions may not yield to clear and unambiguous phrasing; but the simple limitation clause involved here, if it means what the insurance company contends it means, could have been worded in unmistakable and decisive language."

I think the word "loss" is ambiguous and should be construed to mean the time when the owner's judgment against the trucker was entered.

I would affirm the judgment.