662 P.2d 639

**SECURITY MUTUAL CASUALTY COMPANY, Plaintiff-Appellant,**

v.

**James F. O'BRIEN and O'Brien Enterprises, Inc., Pegasus Aerial Sports, Inc.; Judith A. McKinney as Personal Representative of the Estate of John L. McKinney, Deceased; Jack E. Johnson, Howard H. Irby and John L. McKinney, Deceased, d/b/a Aero Enterprises; Rodney Jones; Sky Scene, Inc., and Robert Ellsworth, Defendants-Appellees.**

No. 14492.

Supreme Court of New Mexico.

March 30, 1983.

Rehearing Denied May 6, 1983.

Civerolo, Hansen & Wolf, P.A., Carl J. Butkus, Albuquerque, Hugh C. Griffin, Lord, Bissell & Brook, Chicago, Ill., for plaintiff-appellant.

Robinson, Stevens & Wainwright, Paul S. Wainwright, Albuquerque, for defendants-appellees.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for plaintiff-in-intervention-appellee, Proprietors Ins. Co.

OPINION

PAYNE, Chief Justice.

James F. O'Brien, owner of a private aircraft, obtained a declaratory judgment against Security Mutual Casualty Company, the insurer of his aircraft. The trial court

held that the aviation insurance policies Security had issued O'Brien afforded coverage. Security appealed to the Court of Appeals, which affirmed the decision of the trial court. We granted certiorari and reverse the decisions of both courts below. Security raises several issues on appeal. However, we will limit our opinion to the dispositive issue of whether a causal connection between the exclusion and the accident is essential to a denial of coverage.

The facts of this case are not in dispute. In 1975, Security issued O'Brien two insurance policies which insured his aircraft. One policy provided coverage for the hull of the aircraft, the other provided liability coverage. The exclusion at issue in the hull policy specifically stated:

THIS POLICY DOES NOT APPLY:—* * * (d) while the aircraft is in flight, unless its Airworthiness Certificate is in full force and effect.

The exclusion at issue in the liability policy stated:

THIS POLICY DOES NOT APPLY:—* * * (2) While the Aircraft is in flight, unless its Airworthiness Certification is in full force and effect.

O'Brien leased the aircraft to Pegasus Aerial Sports. Thereafter, Pegasus rented the aircraft to Ellsworth. On July 14, 1979, while piloting the aircraft in Albuquerque, Ellsworth collided with another plane. Security denied coverage based on the two exclusions set out above. Specifically, it claimed that the failure to perform a timely 1979 annual inspection on the aircraft terminated both the Airworthiness Certificate and Certification, and caused the insurance coverage to automatically lapse. Before trial, Security stipulated that there was no pre-crash malfunction of the aircraft. The courts below held that because there was no causal connection between the exclusion and the accident, Security could not deny coverage. We disagree and reverse the Court of Appeals holding that proof of a causal connection between the accident and the policy exclusion is required before coverage can be denied.

There appears to be a split of authority in jurisdictions which have passed on this question. Each of the parties on appeal has cited a number of cases from other jurisdictions that tend to support their respective positions. However, the significance of these cases is questionable because the issue before this Court is most appropriately resolved by resort to New Mexico law.

In *Peterson v. Romero,* 88 N.M. 483, 542 P.2d 434 (Ct.App.1975), the Court of Appeals held that a causal connection between a policy exclusion and an automobile accident did not have to be shown to deny coverage. In *Peterson,* an 18-year old boy was killed while driving a car rented to his father. The insurance provisions of the rental contract excluded coverage if the driver was not 21 years of age. The trial court held that because the decedent was under 21 years of age, no triable issue of material fact existed and summary judgment should be granted. In *Peterson,* the fact that decedent was 18 instead of 21 bore no causal relationship to the automobile accident. The appellate court specifically held that insurance coverage under the rental contract was properly denied because the "[c]ausal connection between decedent's age and the accident did not have to be shown." *Id.* at 486, 542 P.2d 434. (Citations omitted.) Similarly, in the instant case, there is no causal connection between the lack of an effective Airworthiness Certificate or Certification and the cause of the airplane crash.

O'Brien attempts to refute *Peterson* by arguing the holding of *Foundation Reserve Ins. Co. v. Esquibel,* 94 N.M. 132, 607 P.2d 1150 (1980), which held that an insurer must show "substantial prejudice" before it can be relieved of its obligations under an insurance policy. *Esquibel* is easily distinguished from the instant case because it involved a "condition subsequent" rather than specific policy exclusions. The distinction between a "condition subsequent" and an exclusion is stated at 7 *Couch on Insurance* 2d (1961), Sec. 36.48:

A condition subsequent is to be distinguished from an exclusion from the cov-

erage: the breach of the former is to terminate or suspend the insurance, while the effect of the latter is to declare that there never was insurance with respect to the excluded risk * * *.

We find this distinction to be determinative. Although "substantial prejudice" is relevant to condition subsequent clauses, it cannot be applied to specific policy exclusions. *Sanchez v. Kemper Ins. Companies,* 96 N.M. 466, 632 P.2d 343 (1981). Because the instant case involves policy exclusions, the issue of substantial prejudice is irrelevant, and *Esquibel* cannot apply. Thus, we hold that the Court of Appeals erred in applying *Esquibel* to the instant case.

■ Even if *Peterson* were not dispositive on the issue of causal connection in New Mexico, we would be persuaded by decisions from jurisdictions which have also permitted an insurer to deny coverage in aviation insurance policies even though the exclusion clause had no causal relationship with the accident. *Hollywood Flying Service v. Compass Ins. Co.,* 597 F.2d 507 (5th Cir.1979); *Bruce v. Lumberman's Mutual Casualty Company,* 222 F.2d 642 (4th Cir. 1955); *Ochs v. Avemco Ins. Co.,* 54 Or.App. 768, 636 P.2d 421 (1981); *Macalco, Inc. v. Gulf Ins. Co.,* 550 S.W.2d 883 (Mo.App. 1977). We hold that a causal connection between an exclusion clause and an accident is not necessarily essential before coverage can be denied. In *Glades Flying Club v. Americas Aviation & M. Ins. Co.,* 235 So.2d 18 (Fla.App.1970), a Florida court, faced with a similar set of facts and an identical policy exclusion, held that no causal connection was needed. The court stated:

> An aircraft insurance policy may validly condition liability coverage on compliance with a governmental regulation and, while non-compliance with such a regulation continues, the insurance is suspended as if it had never been in force. There need be no causal connection between the non-compliance and the loss or injury. (Citations omitted.)

*Id.* at 20. To hold otherwise would allow courts to ignore the plain language of insurance policy exclusions whenever they feel an insurer should not be allowed to avoid liability for an accident unrelated to a policy exclusion. This rationale is contrary to substantial legal precedent as well as longstanding public policy. Insurance coverage must not be afforded aircraft owners who ignore or refuse to comply with established certification requirements commonly part of policy exclusions.

■ The policy behind such exclusions is clear and unambiguous. The exclusions encourage aircraft owners to obtain annual inspections of their aircraft in order to be certified by the F.A.A. under current applicable Federal Aviation Regulations. These regulations prohibit an aircraft owner from flying his aircraft unless an annual safety inspection is performed. 14 C.F.R. § 91.169 (1982); *see also* 14 C.F.R. §§ 21.181, 91.165 (1982). The subject insurance policies clearly deny coverage when an aircraft is not validly and currently certificated. The record indicates that O'Brien was familiar with the policy and the Federal Aviation Regulations which require the annual inspection. O'Brien also knew that the regulations forbade the operation of his airplane if it had not received an annual inspection within the preceding 12 months. Because no annual inspection was performed on O'Brien's aircraft, the certificate lapsed and the policy exclusion was properly invoked. To hold otherwise, we would have to rewrite the regulations or the insurance policy. This we will not do. In *Electron Machine Corp. v. American Mercury Insurance Co.,* 297 F.2d 212 (5th Cir.1961), the court stated:

> 'We start with the proposition that our function is not to write insurance contracts. We are not underwriters. We must apply them as written by the parties, (citations omitted), even though the result compelled by the plain words used may appear or be thought to appear to be unreasonable, unduly harsh, or stringent. We cannot ignore them. We cannot substitute others for them.'

*Id.* at 214. Although insurance policies are generally construed in favor of the insured, *Visco Flying Company v. Hansen & Rowland, Inc.,* 184 Cal.App.2d 829, 7 Cal.Rptr. 853 (1960), policies like the one in the instant case, which do not contravene public policy and are not ambiguous, must be enforced as written. Likewise, we conclude that O'Brien's aviation policy must be enforced as written.

 Next, we consider the issue of the ambiguity of the exclusion clauses. The Court of Appeals, affirming the trial court, found the exclusion clauses to be inherently ambiguous. Specifically, the court held that the insurance policies were ambiguous because they failed to define the terms "airworthiness certificate," "airworthiness certification" and "full force and effect." In our view, these terms are unambiguous. A copy of the "airworthiness certificate" itself was introduced into evidence at trial and is in the record on appeal. We also find no inherent ambiguity in the term "full force and effect." Because no timely annual inspection was performed, the airworthiness certificate lapsed and was no longer in "full force and effect." Although O'Brien asserts that these terms are ambiguous, he has not presented evidence to show how they are ambiguous. Additionally, we hold that the fact the exclusions do not specifically refer to the Federal Aviation Regulations, which define these terms, is not fatal. New Mexico has declared these pertinent regulations to be part of the law of this state. *See* § 64–1–2, N.M.S.A.1978. We have held that when construing insurance policy language, the language "must be construed in the light of the context in which it is used." *Mountain St. M.C. Co. v. Northeastern N.M. Fair Ass'n.,* 84 N.M. 779 at 782, 508 P.2d 588 at 591 (1973). Because this case and the policy exclusions are clearly within the context of aviation, we hold that the pertinent aviation regulations apply. We have previously refused to label policies ambiguous merely because certain "words and terms are not fully defined in the contract." *Cain v. National Old Line*

*Insurance Company,* 85 N.M. 697 at 698, 516 P.2d 668 at 669 (1973).

Accordingly, we reverse the decisions of the trial court and Court of Appeals on these issues and remand this case to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

FEDERICI and STOWERS, JJ., concur.

RIORDAN, J., respectfully dissents.

SOSA, Senior Justice, respectfully dissents and adopts the Court of Appeals' opinion as his dissent.