No. 41,407

DONNA C. SMITH, *Appellee*, v. ALLIED MUTUAL CASUALTY COMPANY, an Insurance Corporation, *Appellant*.

(339 P. 2d 19)

Opinion filed May 16, 1959.

*H. Lee Turner*, of Great Bend, argued the cause and was on the briefs for the appellant.

*Robert P. Keenan*, of Great Bend, argued the cause, and *Larry E. Keenan, Tudor W. Hampton, Jerry M. Ward* and *Herbert Rholeder*, all of Great Bend, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by the defendant below from orders of the trial court entering judgment in favor of plaintiff as a result of a stipulation of facts in an action to recover medical and funeral expenses under an insurance policy for the death of plaintiff's husband and overruling the motion for new trial filed by defendant.

The petition set out the death of plaintiff's husband on May 8, 1956, and the provisions of the policy to be analyzed herein whereby, under "Coverage C-1—Basic Medical Payments" and "Coverage C-2—Extended Medical Payments," plaintiff sought to

recover $983.00 to reimburse her for her husband's funeral and burial expenses.

The answer contained a general denial, admitted the alleged identification and residences of the parties and the coverage of clauses C-1 and C-2 of the policy and quoted an additional provision from a paragraph entitled "Exclusions":

" 'This policy does not apply:

" '(h) Under coverages C-1 and C-2, to bodily injury to or sickness, disease or death of any person who is an employee of an automobile sales agency, repair shop, service station, storage garage or public parking place, *if the accident arises out of the operation thereof* and if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law. . . .' " (Our emphasis.)

The answer further alleged, in substance, that plaintiff filed a claim with the workmen's compensation commission against her husband's employer, Taylor-Houser Motor Company and its insurance carrier, claiming benefits provided under the workmen's compensation act by reason of the injury and death of her husband. On July 16, 1957, claimant, the employer, and its insurance carrier, compromised the claim on the basis of a $450.00 payment for medical expenses and $2,500 for compensation. A lump sum payment of $3,000 was thereupon paid. An amendment to the answer reflects that the agreement set forth in the answer was made prior to the hearing of the claim by the compensation examiner and the money was to be paid and accepted regardless of the ruling of the examiner and the commissioner. The purpose of the agreement and subsequent hearing was to establish that plaintiff was not entitled to compensation and toward that end plaintiff did not offer any evidence to justify an award in her favor but the parties to the hearing falsely and fraudulently represented there was a contest of issues when there were none. The settlement had been previously entered into and the compensation hearing was conducted with the deliberate intent to represent falsely to defendant that plaintiff had received no compensation benefits. Therefore, the above exclusion clause of the policy would not apply. Finally, it was alleged that the award of the commissioner was void by reason of the false representations.

Plaintiff's reply admitted the allegation setting out the exclusion clause of the policy but denied other portions of the answer and amendment, and continued to show that on August 22, 1957, the commissioner had entered an award denying compensation; that

the allegations of the amendment constituted no defense but was an attempt to collaterally attack a final judgment of the court of record. The record of the compensation proceeding was attached to the reply and it was therein shown that plaintiff was the only witness. Her testimony makes the picture before us a little more clear and we will summarize it in part.

Deceased, a motor car salesman, had gone to show a truck at a farm southwest of St. John, a town twenty-six miles south of Great Bend, deceased's home. He had called from Seward, which was about halfway between Great Bend and St. John, but about 1:00 the next morning plaintiff learned that her husband had met his death in an accident involving only the truck on a dirt road about two miles east of St. John, which road could only have been reached by a circuitous route away from Great Bend and St. John. The commissioner denied an award to plaintiff and, among other things, found that the relationship of employer and workman did not exist at the time of the accident and the accidental injury and death did not arise out of and in the course of the employment.

After the issues were thus made up by the petition, the two parts of the answer, and the reply, the present case proceeded to trial. The parties entered into certain stipulations wherein there was no dispute about the fact that between the filing of her compensation claim and the hearing thereon, plaintiff had been paid $3,000 by the respondent compensation insurance carrier whereby the employer and the insurance carrier were released from any further liabilities including any under the workmen's compensation act. It was agreed that a hearing would be held before the commissioner but the settlement would be binding upon all parties concerned. The compensation hearing was held before the examiner, the plaintiff was the only witness to testify, and at the close thereof, the commissioner entered an award denying her compensation.

A difference of opinion developed between plaintiff and defendant as to what the $3,000 was for and why it was accepted. Plaintiff admitted that an honest dispute arose as to whether she could successfully recover under the workmen's compensation act and respondents sought to buy their peace of a disputed claim, without admission of any liability, for the $3,000. Plaintiff then proceeded to a final determination of her rights under the workmen's compensation act to determine the application of the exclusion clause of defendant's policy.

After these stipulations, defendant moved for judgment for the reasons that a $3,000 payment had been made under and by virtue of the compensation act whereby the exclusion clause in defendant's policy applied with the result that plaintiff was not entitled to recover in this action.

Plaintiff also moved for judgment because the exclusion clause had no application and did not exclude plaintiff's right to recover under the policy; there had been no compensation payment to plaintiff under the compensation act; there had been a final award of the commissioner denying compensation, which as a final judgment could not be collaterally attacked; the $3,000 was not a settlement of a workmen's compensation claim for which the respondents were liable but was purely a settlement of a disputed claim without admission of liability on the part of anyone involved therein.

The trial court substantially stated that the commissioner had found that plaintiff's claim against the defendant was not one covered under the workmen's compensation act and therefore such claim was not under the exceptions to the insurance policy and rendered judgment for plaintiff.

Defendant timely moved for a new trial which motion was overruled by the trial court and defendant here appeals from the trial court's judgment and order overruling such motion. Defendant specifies as error the overruling of its motion for judgment, the sustaining of plaintiff's motion for judgment, entering judgment accordingly and overruling defendant's motion for new trial.

The first and primary question raised by this appeal hinges on the exclusion clause contained in the insurance policy. How can the defendant avoid liability of C-1 and C-2 by reason of the exclusion clause? There are three parts to the exclusion clause:

1. Was deceased an employee of an automobile sales agency?
2. Did the accident arise out of the operation of the automobile sales agency?
3. Are benefits therefore, in whole or in part, either payable or required to be provided for under any workmen's compensation law?

All three of these questions must be answered in the affirmative before defendant can avoid liability under the other terms of the policy.

The first question is undisputably answered in the affirmative and passing, for the present, the second question, we will turn to No. 3 but it does not need any detailed discussion because it is admitted

by plaintiff that she received $3,000 from respondents in a compensation claim filed by her prior to the hearing before the workmen's compensation commissioner.

In considering question No. 2 we are confronted with a case involving a provision whereby the insurer sought to avoid liability (*Braly v. Commercial Casualty Ins. Co.*, 170 Kan. 531, 227 P. 2d 571) where the death of an insured resulted from accidental means "While riding as a passenger IN A PASSENGER ELEVATOR." It was there stated:

"When in an action to recover death benefits under an accident insurance policy containing a provision such as is quoted in paragraph 7 of the syllabus the insurer seeks to avoid liability on the ground the accident for which recovery is sought is covered by some specific exception in the policy *the burden is on the insurer to prove the facts which bring the case within the specified exception.*" (Syl. ¶ 9.) (Our emphasis.)

The Braly case was cited in *Jameson v. Farmers Mutual Automobile Ins. Co.*, 181 Kan. 120, 309 P. 2d 394, where we further stated:

"Then we find the well-settled rule that where a policy of insurance is so drawn as to require an interpretation, a construction most favorable to the insured will be adopted for the reason that the company prepares the contract of insurance, thereby selecting its own language." (pp. 125, 126.)

The parties devote most of their briefs to a discussion as to whether the award of the commissioner was a final judgment and whether, if it were such, it was *res judicata* or could be collaterally attacked. Be that as it may, the record is totally lacking in proof that the accident arose out of the automobile sales agency employment. Suppose, but by no means deciding, we were to say that the compensation award was void, the requirement set forth as to the burden of proof in the Braly case, *supra*, even then would not be satisfied.

Causal relation is a necessary element in establishing liability under our workmen's compensation act and it cannot be presumed but must be proved by the preponderance of the evidence. When the shoe is on the other foot, so to speak, can we say that a death benefit insurance carrier has any less burden of proving that an accident arose out of the employment under an exclusion clause, such as we have here, to avoid liability? We must answer in the negative unless we wish to upset what has *ab initio* been the measuring stick for the burden of proof in compensation matters. In short, we cannot say the mere circumstances that plaintiff received a $3,000 settle-

ment satisfied the burden of proof necessary to establish the fact that the accident *arose out of the employment.*

In view of what has been said, the conclusion is inescapable that defendant failed to sustain its burden of proof sufficiently to avoid liability under the exclusion clause and the trial court correctly sustained plaintiff's motion for judgment on the pleadings, admissions, and stipulations, and correctly overruled defendant's motion for judgment in its favor. Due to failure to produce any new or additional testimony or other evidence on the presentation of defendant's motion for new trial, that motion was properly overruled.

The judgment is affirmed.

PRICE, J., dissenting: I do not agree to the disposition being made of this case and will state my views very briefly.

As an abstract principle of law, I concede the correctness of the rule of the Braly case that where an insurer seeks to avoid liability on the ground the accident for which recovery is sought is covered by a specific exception in the policy the burden is on the insurer to prove the facts which bring the case within the specified exception. I also concede the correctness of the rule of the Jameson case that where a policy of insurance is so drawn as to require an interpretation a construction most favorable to the insured will be adopted for the reason that the insurer prepares the contract, thereby selecting its own language.

I think, however, that under the facts of this case there is no room for their application.

The plain purpose of the "exception" in this insurance policy is that there is no liability where recovery is had under the workmen's compensation law for the injury, sickness or death. The facts shown by this record are that plaintiff knew all along that she did not have sufficient evidence to establish recovery under the workmen's compensation law. Nevertheless, the $3,000 settlement with the workmen's compensation insurance carrier was agreed to *prior* to the hearing before the commissioner, thus rendering that proceeding a "sham." Pursuant to that agreement plaintiff was paid $3,000. Call it what one may—settlement, compromise or award—the cold hard fact remains that plaintiff received the payment by virtue of protection provided by the workmen's compensation law.

I would reverse the judgment.

SCHROEDER, J., joins in the foregoing dissenting opinion.