No. 43,801

DANIEL A. LEIKER, Administrator of the Estate of Kenneth A. Leiker, Deceased, *Appellee*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, *Appellant*.

(396 P. 2d 264)

Opinion filed November 7, 1964.

*H. Lee Turner*, of Great Bend, argued the cause, and *J. Eugene Balloun* and *James L. Berglund*, of Great Bend, were with him on the briefs for the appellant.

*Jerry M. Ward*, of Great Bend, argued the cause, and *Tudor W. Hampton* and *Herb Rohleder*, of Great Bend, were with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action brought by plaintiff (appellee) Daniel A. Leiker, administrator of the estate of Kenneth A. Leiker, deceased, against defendant (appellant) State Farm Mutual Automobile Insurance Company to recover accidental death benefits under an automobile insurance policy.

The case was submitted to the trial court on stipulated facts. The court made findings of fact and conclusions of law and entered judgment for plaintiff. From an order overruling defendant's post trial motions, it appeals.

Inasmuch as the parties are in agreement on the findings of fact made by the trial court, only the pertinent portions will be narrated.

Defendant issued to Kenneth A. Leiker, hereinafter referred to as the insured, its policy of automobile insurance in which Insuring Agreement IV provided:

"To pay the principal sum stated as applicable in the exceptions of the declarations in event of the death of each insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile, . . ."

The exclusionary clause provided:

"Exclusions: Insuring Agreement IV does not apply: (*a*) to bodily injury sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of . . . a . . . commercial automobile . . ."

The court found the insured was struck and killed by an automobile driven by one Hubert Gabel at a location on Highway K-4 west of Claflin, and that at the time the insured met his death he was working as a truck driver for the Middle States Construction Company and *had been* operating a commercial vehicle.

The court's findings Nos. 8, 9, 10 and 11 read:

"8. Pursuant to his duties with Middle States Construction Company, the decedent, immediately prior to his death, had hauled a load of black-top material to the highway under construction and had dumped the load. In connection with the unloading operation, the decedent had opened the tail gate of the dump truck and elevated the dump bed. Just after dumping the load, the decedent alighted from the dump truck, left the door open, and

went to the rear of the dump truck. After performing his duties at the rear of the dump truck, the decedent started around the rear of the dump truck and was between the rear of the dump truck and the front of the dump bed when· he was struck by a vehicle driven by Hubert Gabel and was killed.

"9. That at the time the decedent was killed, he had not secured the dump bed of the dump truck by closing the dumping lever, and had not placed it in a closed position. The dumping lever is located on the front of the dump bed and is required to be placed in an upright position to secure the dump bed after dump bed has been unloaded. The decedent had not reached the point of the front of the truck bed where he could operate the lever in question, and the lever had not been placed in a secure position at the time decedent was killed.

"10. The exact point between the rear of the dump bed and the front of the dump bed where the decedent was standing at the time he was struck is unknown but he was in close proximity to the truck bed proceeding towards the front of the dump bed and truck. The vehicle operated by Hubert Gabel, a passenger vehicle, collided with the open door of the dump truck prior to striking decedent.

"11. That after decedent performed his duties with the unloading operation at the rear of the truck, he turned and secured from Harold Funk decedent's flashlight and thereafter proceeded around the left rear of the dump truck and was not thereafter seen until after the collision and his death had occurred."

The court concluded as a matter of law that the insured's death resulted directly and independently of all other causes from bodily injury caused by accident and sustained by him through being struck by an automobile; that the death of the insured was not caused by bodily injury sustained in the course of his occupation while engaged in duties incident to the operation and unloading of a commercial vehicle; and that the insured's death did not fall within "exclusion (a)" to the insuring agreement. The trial court entered judgment for the plaintiff in accordance with its conclusions of law.

Defendant concedes the trial court's findings of fact are in accord with the stipulated facts. The question open for consideration upon this appeal is whether or not the findings of the trial court support its conclusions of law and judgment entered thereon. The sole issue is a question of law, i. e., whether the facts established insured's death occurred in the course of his occupation while engaged in duties incident to the operation or unloading of a commercial vehicle.

The mentioned exclusionary clause in the policy is relatively new and our attention is not directed to, nor did our limited

research produce, any case directly in point construing the exclusionary clause. Those cases cited by the defendant are not decisive of the problem raised in this case.

The defendant insurance company contends: (1) the terms of the exclusion are clear; (2) the unloading operation had not been completed by the insured; and (3) if insured was not actually operating or unloading the truck, he was engaged in duties incident to the operation or unloading, and no causal connection between the operation, loading or unloading of the truck is needed to exclude coverage.

Since the issue before the court involves the construction of the language in an exclusionary clause of an accident insurance policy, we must give consideration to the general rules, briefly summarized here, governing construction of insurance contracts.

It is a settled rule of law that where an insurer prepares its own contracts, it has a duty to make the meaning clear, and if it fails to do so, the insurer and not the insured must suffer. If the terms of a policy of insurance are ambiguous or obscure or susceptible of more than one construction, the construction most favorable to the insured must prevail. Courts should not be astute to evade the meaning of words manifestly intended by the parties. The language of a policy of insurance must, if possible, be construed in such manner as to give effect to the intention of the parties at the time it was made as expressed therein. It is to be noted, however, that in the application of this rule the test is not what the insurer intended the words of the policy to mean but what a reasonable person in the position of the insured would have understood them to mean. These general rules are set forth in the well-reasoned and annotated case of *Braly v. Commercial Casualty Ins. Co.*, 170 Kan. 531, 227 P. 2d 571.

Also among our many decisions interpreting and applying these general rules are the well-analyzed cases of *Lavin v. State Farm Mutual Automobile Ins. Co.*, 193 Kan. 22, 391 P. 2d 992; *Kendall Plumbing, Inc. v. St. Paul Mercury Ins. Co.*, 189 Kan. 528, 532, 370 P. 2d 396; *Ferguson v. Phoenix Assurance Co.*, 189 Kan. 459, 370 P. 2d 379.

As to defendant's first contention, we are of the opinion the phrase contained in the exclusionary clause "to bodily injury sustained in the course of his occupation by any person while engaged in duties incident to the operation, loading or unloading of a commercial vehicle" is ambiguous, obscure and susceptible of more

than one construction. Thus, the construction most favorable to the insured must prevail. Accordingly, "bodily injury sustained in the course of his occupation" is modified to apply only during the time the insured is actually engaged in operating, loading or unloading a commercial vehicle.

With reference to defendant's second contention, it is the rule of law of this state that where an insurer seeks to avoid liability on the ground the accident or injury for which recovery is sought is covered by some exclusionary clause in the policy, the burden is upon the insurer to prove the facts which bring the case within the specified exception. (*Smith v. Allied Mutual Casualty Co.,* 184 Kan. 814, 339 P. 2d 19; *Braly v. Commercial Casualty Ins. Co.,* supra.)

The trial court, in finding No. 11, found the insured had completed his duties with the unloading operation at the rear of the truck, and inasmuch as the defendant failed to sustain the burden of proof that the insured was in the act of unloading, this issue is laid to rest.

This leaves us with the final question of whether or not at the time of his death the insured was engaged in operating the truck. The word "operate" as used in the coverage or exception provision of policies has varying meanings according to the context. Some courts have defined the term "while operating a motor vehicle," when used in insurance policies covering accidental injuries received, as meaning the actual mechanical movement of the automobile. Other decisions hold the operation of an automobile necessarily implies doing all that is necessary to be done to successfully move the same from place to place. The vehicle must necessarily be entered, and upon reaching his destination, the operator must alight to the ground within a reasonable time after his arrival. For analysis on this point see *Schorling v. United States Fidelity & Guaranty Co.,* 188 S. W. 2d 369, (Mo. Ct. App.); Couch on Insurance 2d §§ 45:42-45:44; 7 Am. Jur. 2d, Automobile Insurance, § 42, p. 349.

In the *Schorling* case, supra, the insured and his wife had been shopping. Upon finishing, they returned to the garage where their automobile was parked. They were accompanied by a store attendant who carried two large packages, and the insured had a chair under his arm. The insured and the attendant approached the left side of the car and the insured opened the left rear door

so the attendant could place the packages in the car. After opening the door for the attendant, the insured intended to open the left front door and get into the driver's seat, but instead he turned and walked toward the east to the rear of the automobile, intending to go around the rear of the car, then to the door on the right-hand side of the front seat and enter the automobile from the right. He then intended to immediately drive home. While walking around the rear of the automobile he fell off a retaining wall into the alley and was injured. If the insured was engaged in "operating" his automobile at the time he was injured, he would have been entitled to recover. If he was not so engaged, judgment should be entered for the insurer.

After setting forth the rules of law, some of which have heretofore been mentioned, the Missouri court held the accident of his falling did not occur while the insured was operating the automobile. The facts in the instant case are somewhat analogous to the facts in the Missouri case, and applying the rule here, we are compelled to say the insured was neither in the act of entering nor leaving, neither of connecting himself with nor of disconnecting himself from the truck. He had finished his unloading, borrowed a flashlight apparently for some other purpose than re-entering the truck, and was struck on the highway, apart from the truck, by a passenger automobile. It must be conceded insured's intentions were to eventually connect himself with the vehicle for the purpose of closing the dump bed lever located at the front of the truck and drive the truck in furtherance of his occupation, but under the record in this case he had not done so.

No case has been cited, nor have we found any, where it has been held that an insured was "operating" an automobile before he ever laid hands on it or attempted to do so with intent to enter or to set it in motion. For this court to declare the insured was operating his truck when he was struck on the highway by a passenger vehicle would be for us to authorize recovery for injuries received while approaching the truck or some portion thereof with intent to operate it.

From an analysis of the cases it would appear a causal connection or relation must exist between an accident, or injury, and the actual operation of the vehicle in order for the accident, or injury, to come within the meaning of the exclusionary clause of the acci-

dent insurance policy in the instant case; and where such causal connection or relation exists, coverage will be denied under such clause. But where, as here, there is no causal connection between the operation of the truck and the insured's being struck on the highway by a passenger automobile, the exclusionary clause is not applicable and the plaintiff is entitled to recovery.

The judgment of the trial court is affirmed.

PRICE, J., dissenting.