235 So.2d 18 (1970)
GLADES FLYING CLUB, Appellant,
v.
AMERICAS AVIATION & MARINE INSURANCE CO., Appellee.
No. 69-850.
District Court of Appeal of Florida, Third District.
May 5, 1970.
*19 Carr & Warren, Miami, for appellant.
Batchelor, Brodnax, Guthrie & Kindred, Miami, for appellee.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
This appeal presents for review the question of coverage contained in an aircraft insurance policy. The facts below were stipulated.
The trial court found that the coverage was suspended because of the operation of the aircraft contrary to the provisions of the insurance policy. The declarations and exclusions contained in the policy provide:
"DECLARATIONS:
* * * * * *
"ITEM 10. When in flight the aircraft will be piloted only by
"Any bona fide member of Glades Flying Club who is a properly certificated by the FAA Student, Private or Commercial pilot * * *." [Emphasis added.]
* * * * * *
"EXCLUSIONS
"THIS POLICY DOES NOT APPLY AND NO COVERAGE IS AFFORDED:
* * * * * *
"2. To any Insured while the aircraft is in flight;
* * * * * *
"(b) if piloted by a pilot not properly certificated and qualified under the current applicable Civil Air Regulations * * *." [Emphasis added.]
* * * * * *
The subject aircraft crashed while a member of the Flying Club, who was authorized to use the aircraft, was acting as pilot in command. At the time of the crash he was not properly certificated by the Federal Aviation Administration. He did not have a valid, current medical certificate which is required under Federal Air Regulation, Part 61. Part 61 of the Regulations reads in part:
"PART 61  CERTIFICATION: PILOTS AND FLIGHT INSTRUCTORS
* * * * * *
"Section 61.3 CERTIFICATES AND RATING REQUIRED
* * * * * *
"(c) Medical Certificate. Except for glider pilots piloting gliders, no person may act as pilot in command or in any other capacity as a required pilot flight crew member of an aircraft under a certificate issued to him under this part, *20 unless he has in his personal possession an appropriate current medical certificate * * *." [Emphasis added.]
* * * * * *
"Section 61.43 MEDICAL CERTIFICATES: Duration.
"(a) A first-class medical certificate expires at the end of the last day of
* * * * * *
"(3) The twenty-fourth month after the month in which it is issued, for operations requiring only a private or student pilot certificate or a free balloon class rating." [Emphasis added.]
On the date of the crash, the pilot held a Class 1 medical certificate that had expired. The policy is clear and unambiguous. It provides that pilots must be properly certificated by the F.A.A. under the current applicable Federal Aviation Regulations. The above quoted Regulations prohibit a person from acting as pilot unless he has in his personal possession an appropriate current medical certificate. Consequently, the pilot was not properly certificated on the date of the crash.
An aircraft insurance policy may validly condition liability coverage on compliance with a governmental regulation and, while non-compliance with such a regulation continues, the insurance is suspended as if it had never been in force. There need be no causal connection between the non-compliance and the loss or injury. See: Ohio Casualty Insurance Co. v. Heaney, D.C.Ill. 1964, 229 F. Supp. 30; Lineas Aereas Colombians Expresas v. Travelers Fire Insurance Co., 5th Cir.1958, 257 F.2d 150; Electron Machine Corporation v. American Mercury Insurance Co., 5th Cir.1961, 297 F.2d 212.
The appellant contends that the language "not properly certificated and qualified under the current applicable Civil Air Regulations", which was contained in the policy, is ambiguous and that the trial court misinterpreted it. The language needs no interpretation; it requires the pilot to be qualified to fly the aircraft and also to be properly certificated under the applicable governmental regulations. These regulations require both a valid pilot's license and, as indicated above, a current, valid medical certificate. This fact distinguishes the case at bar from the case of Royal Indemnity Company v. John F. Cawrse Lumber Company, Inc., D.C. Or. 1965, 245 F. Supp. 707, which was cited by the appellant. In this cited case, the policy only required the pilot to be the holder of a "valid and current private or commercial pilot certificate". There was no requirement that the pilot be "properly certificated and qualified" under all of the current applicable governmental regulations as there is in the instant policy.
The facts are not in dispute. The exclusion contained in the policy involved herein is clear and unambiguous. The applicable governmental regulations require a pilot to have a current, valid medical certificate to be "properly certificated". No error has been demonstrated and the trial court was correct in holding that coverage was suspended at the time of the loss in question.
Affirmed.