No. 47,792

Wing Mah, *Appellant*, v. The United States Fire Insurance Company, *Appellee*.

(545 P. 2d 366)

Opinion filed January 24, 1976.

*Jerry R. Palmer*, of Topeka, argued the cause and was on the brief for the appellant.

*Donald Patterson*, of Fisher, Patterson, Sayler & Smith, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Miller, J.: This is an action by a policyholder against an insurance company for breach of a fire and extended coverage policy, insuring his mobile home, which was damaged in transit. Wing Mah, the plaintiff-appellant, is the policyholder. The United States Fire Insurance Company, defendant-appellee, wrote the policy. The trial court determined certain questions of law, and then sustained the company's motion for summary judgment. The policyholder appeals.

We are concerned here with an insuring agreement and not with an exclusion. The insuring clause on the face of the policy contains a geographic limitation. The principal problem to be

determined is whether this geographic limitation is applicable to the extended coverage endorsement. Plaintiff claims that the policy is ambiguous, that the limitation is inapplicable to the extended coverage endorsement, and that the trial court erred in entering summary judgment. Defendant claims that the policy is clear and unambiguous, that the geographic limitation does apply to all coverages, and that the entry of summary judgment was proper.

The facts are not in dispute. Plaintiff owned a "Buddy" mobile home. While plaintiff was living in the mobile home at 1025 E-Z Avenue, Lazy Acres, Dodge City, Kansas, defendant issued its policy of fire and extended coverage insurance thereon. Later, and during the policy period, plaintiff was transferred to Topeka, Kansas. He engaged the A-1 Mobile Homes Company to move the home for him. While the home was in transit, a wheel of the towing tractor came off, struck the mobile home and inflicted extensive damage. The accident occurred on I-70 highway near its intersection with K-177 highway in Geary County, Kansas. Plaintiff made claim under the policy. Coverage was denied because "the insuring agreement excludes coverage on the trailer while it is in transit unless it is being removed from the location described in the policy . . . for the purpose of protecting it against the perils insured against." This lawsuit followed.

Involved is a Standard Fire Insurance Policy. The printed caption indicates that the form is in use in 46 states—including Kansas—and the District of Columbia. The face of the policy shows the total amount of insurance to be $10,700; the premium to be $102 for fire and lightning, plus $52 for extended coverage, total $154; and it shows the amount of fire or fire and extended coverage insurance provided to be $8,700 on the mobile home and $2,000 on the contents. Under "Description and Location of Property Covered" the face of the policy recites:

"On 1973 Buddy Mobile Home 14′ × 70′ Serial # BK 112F situated 1025 E-Z Avenue, Lazy Acres, Dodge City, Kansas. Owner occupied. Class 10
"On Contents situated in the above described Mobile Home."

The concluding paragraph on that page reads in applicable part as follows:

"IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the premium above specified, this Company, . . . *at location of property involved,* . . . does insure the insured named above . . . against all DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, *to the property described herein*

*while located or contained as described in this policy,* . . . *but not else-where."* (Emphasis supplied.)

Attached to and forming a part of the policy is U. F. Form No. 49 (Edition Jan. '68) entitled DWELLING BUILDING(S) AND CONTENTS FORM. So far as it is here applicable, this form provides:

"DWELLING BUILDING(S) AND CONTENTS FORM

"Insurance attaches only to those items specifically described in this policy for which a specific amount is shown and, unless otherwise provided, all conditions of this form *and the provisions of the policy to which it is attached* shall apply separately to each item covered. (Emphasis supplied.)

. . . . . . . . . . . . .

"SECTION I—DESCRIPTION OF COVERAGE

"A. DWELLING COVERAGE . . .

"B. PRIVATE STRUCTURES COVERAGE . . .

"C. CONTENTS COVERAGE . . .

"As to 'Contents'—

"(1) If, during the term of this policy, such [household and personal] property is removed to another location which is within this state and occupied in whole or in part as the Insured's residence, this policy shall cover such property while at such new location up to the amount applicable to contents and shall cease to cover at the former location, except that during the period of removal this policy shall cover at each location in the proportion that the value of such property at each location bears to the aggregate value at both locations.

. . . . . . . . . . . .

"SECTION II—PERILS INSURED AGAINST

"This policy insures against all direct loss caused by:

"1. FIRE AND LIGHTNING . . .

"2. REMOVAL . . .

"3. INHERENT EXPLOSION . . .

"This policy is extended to insure against loss by the following perils as hereinafter provided, only when rate and premium for EXTENDED COVERAGE are inserted in the spaces provided on the first page of this policy or endorsed hereon.

. . . . . . . . . . . .

"7. AIRCRAFT AND VEHICLES, meaning only direct loss resulting from actual physical contact of . . . a vehicle with the property covered hereunder or with the building(s) containing the property covered hereunder. . . . This Company shall not be liable for loss: (*a*) by any vehicle owned or operated by an Insured or by any tenant of the described premises; (*b*) by any vehicle to fences, driveways, walks or lawns, trees, shrubs or plants.

. . . . . . . . . . . .

"C. OFF PREMISES CONTENTS: The Insured may apply up to 10% of the amount of insurance applicable to the contents covered under this policy . . . to cover loss to contents . . . while elsewhere than on the

described premises but within the limits of that part of Continental North America included within the United States of America and Canada, and in the State of Hawaii. This extension of coverage shall not inure directly or indirectly to the benefit of any carrier or other bailee."

Plaintiff contends that his loss falls within the coverage provided by paragraph 7, AIRCRAFT AND VEHICLES, above; and that such coverage contains, and is subject to, no restrictive geographical requirement. We should point out that there is no contention that the loss falls within the coverage for REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST. The mobile home was not being moved for any such cause.

The trial court, in a carefully prepared and comprehensive memorandum, held that the policy was not ambiguous and that it did not cover damage from vehicles unless the mobile home was located at 1025 E-Z Avenue, Lazy Acres, Dodge City, Kansas, at the time of the loss. Plaintiff contends that location is not a requisite of the extended coverage provided by the policy; defendant claims that it is. Before turning to the policy provisions, we should first review the general rules for the construction of insurance policies.

"In construing an insurance policy a court should consider the instrument as a whole and endeavor to ascertain the intention of the parties from the language used, taking into account the situation of the parties, the nature of the subject matter and the purpose to be accomplished. . . .

"Policies must be construed according to the sense and meaning of the terms used, and if the language is clear and unambiguous, it must be taken in its plain, ordinary and popular sense. . . ." (*Bramlett v. State Farm Mutual Ins. Co.*, 205 Kan. 128, 130, 468 P. 2d 157.)

". . . As a general rule, the construction and effect of a written contract of insurance is a matter of law to be determined by the court. If the facts are admitted, . . . then it is for the court to decide whether they come within the terms of the policy. . . ." (*Goforth v. Franklin Life Ins. Co.*, 202 Kan. 413, 416, 449 P. 2d 477.)

"The language of a policy of insurance, like any other contract, must, if possible, be construed in such manner as to give effect to the intention of the parties. Where the terms of a policy of insurance are ambiguous or uncertain, conflicting or susceptible of more than one construction, the construction most favorable to the insured must prevail. Since the insurer prepares its own contracts, it has a duty to make the meaning clear. If the insurer intends to restrict or limit coverage provided in the policy, it must use clear and unambiguous language in doing so; otherwise, the policy will be liberally construed in favor of the insured. If, however, the contract is clear and unambiguous, the words are to be taken and understood in their plain, ordinary and popular sense, and there is no need for judicial interpretation or the application of rules of liberal construction; the court's function is to enforce the contract according to its terms. . . ." (*Goforth v. Franklin Life Ins. Co.*, supra, p. 417.)

"When an insurance contract is not ambiguous, the court may not make another contract for the parties. Its function is to enforce the contract as made. . . . To be ambiguous the contract must contain provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language. . . . Ambiguity in a written contract does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning. (Citing cases.)" (*Clark v. Prudential Ins. Co.,* 204 Kan. 487, 491, 464 P. 2d 253.)

" '. . . [W]here a contract is unambiguous it must be enforced according to its terms. . . .' " (*Simpson v. KFB Insurance Co., Inc.,* 209 Kan. 620, 624, 498 P. 2d 71.)

We turn now to the contract between Wing Mah and the company. The policy provides coverage for loss by fire and lightning occasioned to the mobile home while it is located on E-Z Avenue in Lazy Acres only. The policy provides no fire or lightning coverage if loss to the mobile home is sustained *at some other location.*

The policy also provides fire and lightning coverage to the contents. The same geographical limitation as expressed on the face of the policy is applicable to contents, subject to two exceptions which are set forth in Form 49. Household and personal property may be moved to a new location and still be covered, if the new location is occupied by the insured as his residence, and if the new location is within this state. (Section I C [1].) Further, up to 10% of the contents coverage may be applied to loss of contents occurring elsewhere than on the described premises. (Section III C.) Loss under this provision is not limited to loss by fire or lightning, and thus this section covers loss occasioned to contents under any of the extended coverages.

Extended coverage insurance is provided by virtue of a separate and additional premium. This is set forth on the face of the policy. The insuring agreements are explained and defined with particularity in Form 49. Fire and lightning, removal of the insured property from the premises when endangered, and inherent explosion are all defined. The extended coverages of windstorm and hail, explosion, riot, aircraft and vehicles and smoke are likewise explained and defined in Form 49.

Preceding all of the descriptions, definitions and explanations of Form 49, and extending across the entire top of the first page of that form, is the following paragraph:

"Insurance attaches only to those items specifically described in this policy for which a specific amount is shown and, unless otherwise provided, all

conditions of this form and the provisions of the policy to which it is attached shall apply separately to each item covered."

The items covered by the policy are the mobile home and contents. The provisions of the policy include the condition that these items are insured only while located or contained as described in the policy—at 1025 E-Z Avenue, Lazy Acres, Dodge City, Kansas —unless otherwise provided. Viewing the policy in its entirety, from the "four corners", we conclude that the geographical limitation is applicable to *all* coverages. To hold otherwise would be to disregard the plain terms of the policy. Form 49, by the reference above set forth, includes all of the policy provisions, including the geographic limitations. The specific exceptions concerning the location of contents demonstrate the concern of the insurer as to location of the insured property.

Paragraph 7 of the extended coverage endorsements under which plaintiff makes claim contains references to "any tenant" and to "fences, driveways, walks or lawns, trees, shrubs or plants." All of such references are indicative of an intent to cover at a fixed location, where such items are present.

Appellant admits that the relevancy of geographical limitation is obvious with regard to fire and lightning, but argues that the relevancy of such limitation is not obvious with regard to the extended coverages. We cannot agree. The chance that property may sustain damage by windstorm is certainly greater in some locations than in others. Some areas are subject to high winds of hurricane origin; others are sheltered, inland locations. Loss resulting from riot would be far more likely in large metropolitan areas than in the western part of this state. And without question, loss caused by collision with a vehicle is more likely upon a heavily traveled highway than at the described location in Dodge City, Kansas.

The location of the insured property is an essential element of the description of property in an insurance policy. 43 Am. Jur. 2d, Insurance, § 907, p. 864; 44 C. J. S. Insurance § 322, p. 1252. The wording "while located and contained as described herein, and not elsewhere" was originally adopted as a part of the standard fire policy to confine the risk to the described location. Deitch, The Standard Fire Policy, p. 11 (1905).

Further discussion of the relevance, materiality or importance of location of insured property is not warranted here, for the issue here is not whether the geographic limitation *should be* appli-

cable, but whether it *is* applicable under the policy terms. We hold that it is.

We conclude that the policy is not ambiguous; that the geographic limitation is applicable to the extended risk coverages; and that the trial court properly sustained defendant's motion for summary judgment.

One further matter deserves attention. Appellant contends that the trial court was in error when it failed to decide as a matter of law that K. S. A. 40-908 applies in this case. Judgment having been entered against the policyholder and in favor of the insurer, no ruling upon this question need be made.

The judgment of the district court is affirmed.