HOLLYWOOD FLYING SERVICE, INC.,
a Florida Corporation,
Plaintiff-Appellant,

v.

COMPASS INSURANCE COMPANY, a
Foreign Insurance Company,
Defendant-Appellee.

No. 78–3202
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 21, 1979.

Mark S. Roth, Hollywood, Fla., for plaintiff-appellant.

McDonald & McDonald, David C. McDonald, Miami, Fla., John Adler, Chicago, Ill., for defendant-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

---

* Rule 18, 5 Cir.;  see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Hollywood owned a Beach Queen Air plane. It crashed into the Gulf of Mexico while rented for a flight to St. Croix, Virgin Islands. Hollywood sought to recover the insured value of the plane, $95,000, under a policy issued by Compass. Compass denied liability to Hollywood on the basis of an exclusion in the policy which stated:

This Policy does not apply * * * to any Insured * * * who operates or permits the operation of the aircraft, while in flight, unless its airworthiness certificate is in full force and effect.

While denying liability to Hollywood, Compass paid $80,025.30 to Miami National Bank which held a mortgage on the plane. Hollywood sued for the difference between that sum and the full value, almost $15,000, plus interest it paid the bank for the period between the time the plane crashed and the settlement.

■ The case was tried to the district court without a jury, and the judge found that the airworthiness certificate was not in full force and effect at the time of the crash; although a certificate had been issued, it was not in effect because equipment required to maintain a certificate in effect was not operative in accordance with FAA requirements and the required airplane manual was not aboard the aircraft. His findings of fact were not clearly erroneous, and therefore this appeal is not airworthy. Accordingly, we affirm his judgment.

There was uncontradicted evidence that the fuel gauge on the plane was inoperative. Evidence as to other problems was conflicting, but the person who rented the plane, Edwards, testified that, in addition, the magnetic compass was not working, the remote magnetic indicator was about 25% off course, one generator was not functioning, the fuel flow indicators were not working and the manual in the plane was not the approved manual. This was ample to support the experienced trial judge's conclusions that these facts were established.

■ Jurisdiction being based on diversity, this case is controlled by Florida law.

*Erie Railroad Co. v. Tompkins*, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. There is no merit to the contention that this insurance contract ought to be interpreted under principles of federal law; nothing that has been cited persuades us that Congress intended that this insurance contract should be interpreted under different principles simply because the insured property is subject to federal regulation. *Compare, e. g., Executive Jet Aviation, Inc. v. City of Cleveland*, 1972, 409 U.S. 249, 253, 93 S.Ct. 493, 497, 34 L.Ed.2d 454 (federal admiralty law); *Textile Workers Union v. Lincoln Mills*, 1957, 353 U.S. 448, 451, 77 S.Ct. 912, 915, 1 L.Ed.2d 972 (federal labor law).

■ A party seeking to recover on an insurance policy has the burden of proving that the loss was covered by the contract, *Phoenix Insurance Co. v. Branch*, Fla.App. 1970, 234 So.2d 396, 398, but if the defense is based on an exclusion, the insurer has the burden of establishing that the loss was sustained in a fashion for which coverage was excluded. *Ibid.*

The regulations prohibit flight of an aircraft registered in the United States unless all of its required components and systems are installed and working properly. *See, e. g.*, 14 C.F.R. §§ 91.31(b), 91.33(a) (1978). According to the uncontradicted expert testimony, if all required equipment is not in working order, the airworthiness certificate is suspended and doesn't regain full force and effect until the equipment is operating properly again.

■ "An aircraft insurance policy may validly condition liability coverage on compliance with a governmental regulation and, while non-compliance with such a regulation continues, the insurance is suspended as if it had never been in force. There need be no causal connection between the non-compliance and the loss or injury." *Glades Flying Club v. Americas Aviation & Marine Insurance Co.*, Fla.App.1970, 235 So.2d 18, 20. It therefore does not matter that the cause of the crash is unknown and that no causal relationship has been established between the missing manual or the inoperative equipment and the loss of the

plane. *See Electron Machine Corp. v. American Mercury Insurance Co.*, 5 Cir. 1961, 297 F.2d 212, 214.

The plaintiff did not establish when payment was due the bank or whether it was due interest for delay past that date. Its claim for interest would, therefore, fail for want of proof. Moreover, all liability to Hollywood is barred by the exclusion. The payment was due the bank under the breach of warranty clause of the policy, and was not due to Hollywood. Hollywood has not pointed to any contract clause or Florida statute that would support its interest claim in the absence of liability to it under the policy.

For these reasons, the judgment is AFFIRMED.