Daniel J. WALLEN, and Wallen and Sons, Inc., Plaintiffs,

v.

Rosall ACOSTA, Individually and as Father and Natural Guardian of Sonya Marie Acosta, Defendant,

Hawkeye Security Insurance Company, United Security Insurance Company, Garnishee.

Civ. A. No. 89–1261–T.

United States District Court, D. Kansas.

Sept. 14, 1992.

Craig W. West, Foulston & Siefkin, Wichita, Kan., on brief, for plaintiffs.

Randy J. Troutt, Kahrs, Nelson, Fanning, Hite & Kellogg and Richard Sanborn, Sanborn & Mills, Chartered, Wichita, Kan., for defendant.

Arthur S. Chalmers, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., on brief, for garnishees.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on a motion for summary judgment by the garnishee, Hawkeye Security Insurance Company ("Hawkeye") (Doc. 56). This case involves an accident which occurred on November 2, 1987 in Finney County, Kansas. A tractor-trailer driven by plaintiff Daniel J. Wallen and owned by plaintiff Wallen and Sons, Inc. was involved in a collision with a 1979 Chevrolet Impala station wagon driven by defendant Sonya Marie Acosta ("Sonya"), who was thirteen years old at the time, and owned by defendant Rosall Acosta, Sonya's father. Plaintiffs brought this action, alleging that Sonya negligently caused the accident and that Rosall Acosta negligently supervised and negligently entrusted his vehicle to his minor daughter Sonya.

Plaintiffs have settled their claim with Sonya and seek garnishment from Hawkeye, the insurer of Rosall Acosta's vehicle. Hawkeye has moved for summary judgment on the ground that the accident is excluded from coverage because Sonya was driving without her parents' permission. Plaintiffs contend that summary judgment is inappropriate because the policy exclusion on which Hawkeye relies is invalid. Plaintiffs further argue that there is a material issue of fact whether Sonya had permission to drive her father's car on the day of the accident.

The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In this case, Hawkeye, the party moving for summary judgment, has the burden of proving that its exclusion applies. *See Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Ass'n*, 215 Kan. 937, 941, 529 P.2d 171 (1974). "A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists." *Deines v. Vermeer Mfg. Co.*, 752 F.Supp. 989, 993 (D.Kan. 1990). The burden at the summary judgment stage is similar to the burden of proof at trial. The moving party must, therefore, present sufficient evidence to support a judgment in its favor. *See United States v. Dibble*, 429 F.2d 598, 601 (9th Cir.1970) ("A summary judgment is neither a method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues.").

Once the moving party has properly supported its motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials, but must set forth specific facts showing a genuine issue for trial, relying upon the types of evidentiary materials contemplated by Rule 56. Fed.R.Civ.P. 56(e). The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden the party will face at trial

on the particular claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of the finder of fact, not the functions of the judge when ruling on a motion for summary judgment. The evidence of the non-moving party is to be believed. All justifiable inferences are to be drawn in favor of the nonmovant. *Id.* at 255, 106 S.Ct. at 2513.

**I. Whether the policy exclusion on which Hawkeye relies is valid under Kansas law**

 Garnishee claims that it is not obligated to pay the settlement of the claim against Sonya because there is an applicable policy exclusion. The insurance policy contains the following exclusion:

A. We do not provide liability coverage for any person:

 . . . . .

8. Using a vehicle without a reasonable belief that that person is entitled to do so.

Plaintiffs argue that the policy language at issue should be held invalid under Kansas law, both because the exclusionary clause is ambiguous and because Kansas law does not specifically authorize this exclusion. According to plaintiffs, the policy exclusion is ambiguous because "entitled" could mean "with express or implied permission" or "with a valid driver's license."

Ambiguous language is construed against the insurer and in favor of finding coverage. *Mah v. United States Fire Ins. Co.*, 218 Kan. 583, 586, 545 P.2d 366 (1976) (quoting *Goforth v. Franklin Life Ins. Co.*, 202 Kan. 413, 416, 417, 449 P.2d 477 (1969)). Plaintiffs assert that the Kansas Automobile Injury Reparations Act (KAIRA) does not permit an insurer to exclude underage drivers from coverage. Therefore, construing the policy in favor of the insured, as plaintiffs request, would mean construing the policy so that the exclusion violates Kansas law and striking the exclusion altogether.

Plaintiffs' argument fails for two reasons. First, as ordinary people would understand it, being "entitled" to drive another person's automobile certainly includes having the owner's consent or permission. In cases like this one, where the driver allegedly did not have permission to use the automobile, the courts have found the exclusionary language to be sufficiently unambiguous. *See, e.g., Allstate Ins. Co. v. United Stated Fidelity and Guar. Co.*, 663 F.Supp. 548, 553 (W.D.Ark.1987), *aff'd*, 846 F.2d 1147 (8th Cir.1988); *Fincher v. J.C. Penney Cas. Ins. Co.*, 520 So.2d 532 (Ala.Civ.App.1988); *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513, 330 S.E.2d 443 (1985); *General Accident Fire & Life Assurance Corp. v. Perry*, 541 A.2d 1340 (Md.Ct. Spec.App.1988).[1]

Second, contract terms are construed, if possible, so that the whole contract is legal. *Eastern Distributing Co., Inc. v. Flynn*, 222 Kan. 666, 676, 567 P.2d 1371 (1977). In fact, KAIRA provides that all automobile liability policies "shall be construed to obli-

---

1. There have been cases holding policy exclusions like the one at issue ambiguous. However, those cases fall into two groups, both of which are distinguishable from this case. In the first group of cases, the words "any person" were held to be ambiguous as to whether they applied to family members. *Hartford Ins. Co. v. Jackson*, 564 N.E.2d 906 (Ill.App.1990); *American States Ins. Co. v. Adair Indus., Inc.*, 576 N.E.2d 1272 (Ind.App.1991); *see also State Auto. Mut. Ins. Co. v. Ellis*, 700 S.W.2d 801 (Ky.App. 1985). *But see Driskill v. American Family Ins. Co.*, 698 F.Supp. 789, 793 (E.D.Mo.1988). In

this case, the plaintiffs do not argue that the phrase "any person" is ambiguous. Moreover, in the cases finding ambiguity the policies used the terms "any person" and "family member" throughout the policy as though they were as mutually exclusive. That is not true here. The other group of cases holds the word "entitled" to be ambiguous as to drivers who had permission, but not the legal right, to drive. *Canadian Indem. Co. v. Heflin*, 727 P.2d 35 (Ariz.App.1986); *Safeco Ins. Co. v. Davis*, 44 Wash.App. 161, 721 P.2d 550 (1986). Here, Hawkeye alleges that Sonya did not have permission to drive.

gate the insurer to meet all the mandatory requirements and obligations of this act." K.S.A. § 40–3107(g). If excluding underage drivers from coverage violates Kansas law,[2] then it is all the more clear that "entitled" must mean "with permission."

Plaintiffs also argue that KAIRA does not specifically permit insurers to exclude from coverage those driving without permission of the owner. However, Kansas law requires only that an insurer cover the named insured and those driving with the permission of the named insured. K.S.A. § 40–3107(b). An exclusion for drivers who do not reasonably believe they are entitled to use the automobile is consistent with that statutory provision.

II. Whether there is a genuine issue of fact as to whether Sonya Acosta had permission to drive her parents' car

 Hawkeye claims that it is entitled to summary judgment because there is no basis for a reasonable jury to find that Sonya reasonably believed she was entitled to drive her parents' car on the day of the accident. Rosall, Sonya and Jeanette Acosta, Sonya's mother, all testified in deposition that Sonya did not have permission to drive the car and that she took the car while her parents were at work. However, there is evidence that on the day of the accident, Rosall Acosta reported to his insurance company that Sonya had just taken her parents to work when the accident occurred. This raises at least an inference of permissive use. Taking the evidence in the

light most favorable to plaintiffs, the court finds there is a genuine issue of fact presented.[3] Therefore, summary judgment is inappropriate.

IT IS BY THIS COURT THEREFORE ORDERED that the garnishee's motion for summary judgment (Doc. 56) be denied.

---

2. The Kansas statute does not directly address the issue of whether insurers may exclude coverage for underage drivers. K.S.A. § 40–3107 provides in relevant part:

 Every policy of motor vehicle liability insurance issued by an insurer to an owner residing in this state shall:

 . . . . .

 (b) insure the person named and *any* other person, as insured, using any such vehicle with the expressed or implied consent of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of any such vehicle within the United States of America or the Dominion of Canada, subject to the limits stated in such policy;

 . . . . .

 (emphasis added). Plaintiffs correctly note that K.S.A. § 40–3107(h) and (i), which specify per-

missible exclusions, do not authorize exclusions of coverage for underage drivers. Garnishee does not contend that such an exclusion would be legal under KAIRA.

3. On the claims of negligent entrustment and negligent supervision, this court has previously denied defendant Rosall Acosta's motion for summary judgment on the ground that there is a material issue of fact regarding whether Sonya had Rosall Acosta's permission to drive the car.