433 So.2d 536 (1983)
FLORIDA POWER AND LIGHT COMPANY, Appellant,
v.
FOREMOST INSURANCE COMPANY, Appellee.
No. 81-306.
District Court of Appeal of Florida, Fourth District.
January 26, 1983.
Rehearing Denied July 6, 1983.
Rehearing of July 6, 1983, Opinion Denied August 31, 1983.
David F. Crow of Paxton, Crow, Bragg & Austin, P.A., West Palm Beach, for appellant.
Edward R. Curtis and Richard S. Womble of Fertig & Curtis, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
On the basis of Glades Flying Club v. America's Aviation and Marine Insurance Company, 235 So.2d 18 (Fla. 3d DCA 1970), the trial court directed a verdict in favor of defendant insurer because the pilot warranty clause contained in the insurance policy at issue had been breached. The parties stipulated to certain facts which demonstrate breach of the pilot clause. Under the Glades Flying Club case, such a breach operates to suspend the insurance as if it had never been in force even though there was no causal connection between noncompliance and the loss or injury. However, subsequent to that decision the legislature enacted Section 627.409(2), Florida Statutes (1981), which provides:
(2) A breach or violation by the insured of any warranty, condition, or provision of any wet marine or transportation insurance policy, contract of insurance, endorsement, or application therefor shall not render void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.
The burden of pleading and proving breach of condition and a resulting increase *537 of the hazard is on defendant. In the instant case, although not pled, the question of breach was tried by consent. Defendant insurer, however, failed to prove that breach of the pilot clause increased the hazzard. Accordingly, the directed verdict in favor of defendant insurer must be reversed.
REVERSED.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
PER CURIAM.
We deny rehearing but grant clarification to the extent that we add the following final paragraph to our opinion of January 26, 1983:
Because the applicability of Section 627.409(2), Florida Statutes (1981) and its effect on the issues raised by the pleadings was not raised by the parties and consequently could not have been considered by the trial court, we remand this cause for such further proceedings as may be necessary and appropriate to determine whether the breach "increased the hazard by any means within the control of the insured."
REVERSED and REMANDED.
ANSTEAD, C.J., HERSEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.