[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13176

Non-Argument Calendar

_____

SERENDIPITY AT SEA, LLC,

Plaintiff-Appellant,

*versus*

UNDERWRITERS AT LLOYD'S OF LONDON
SUBSCRIBING TO POLICY NUMBER 187581,

Defendant-Appellee,

USI INSURANCE SERVICES, LLC,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-60520-RAR

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Serendipity at Sea, LLC ("Serendipity, LLC") appeals the district court's judgment against it after a bench trial. On appeal, Serendipity raises two issues: First, it argues that the district court erred when it found that Underwriters at Lloyd's of London Subscribing to Policy Number 187581 ("Lloyd's") had proven that Serendipity, LLC's breach of the Captain Warranty increased the hazard, thus precluding coverage for the loss of Serendipity, LLC's yacht (the Serendipity); and second, Serendipity, LLC argues that the district court abused its discretion when the court denied Serendipity, LLC's request to proffer expert testimony. Because we write only for the parties, we include only those facts necessary to understand this opinion.

This is the second time that this case has appeared before this Court. In the first case—which contains an extensive discussion of the facts—we held that Serendipity, LLC had breached the Captain Warranty, but we reversed the district court's grant of Lloyd's motion for summary judgment because we held that "a disputed question of material fact remained about whether the breach

increased the hazard posed to the vessel." *Serendipity at Sea, LLC v. Underwriters at Lloyd's of London Subscribing To Pol'y No. 187581*, 56 F.4th 1280, 1282 (11th Cir. 2023).  We held the Captain Warranty was ambiguous, with two reasonable interpretations: first, Serendipity, LLC was required to hire a person whose full-time profession is that of a captain but who only works for Serendipity, LLC part-time.  Or, second, Serendipity, LLC must hire a person to work full-time on the yacht exclusively.  *Id.* at 1286.  Under either definition, Serendipity, LLC's owner, Mikael Sean Oakley, had testified in such a way as to demonstrate that it was in breach.  *Id.*  With respect to the issue of whether the breach increased the hazard, our prior panel held that although Lloyd's had presented the expert testimony of Captain Thomas Danti, and the district court had granted the motion on the basis of his "unrebutted testimony," Serendipity, LLC had in fact offered evidence that directly disputed Captain Danti's testimony in its motion for summary judgment.  *Id.* at 1290.  Serendipity, LLC expressly disputed the predicate facts that Captain Danti relied upon regarding the weather conditions.  *Id.*  We stated that while "a jury may well credit Captain Danti's testimony over weather reports offered by Serendipity, LLC," this was "a credibility determination for the jury to make."  *Id.*

On remand, the district court held a status conference where Serendipity, LLC's attorney confirmed that discovery was closed. Two months later, and after a change in counsel, Serendipity, LLC moved for the untimely disclosure of its expert witness and reopening of discovery for the limited purpose of allowing Lloyd's the opportunity to depose the witness.  The district court denied the

motion, stating that Serendipity, LLC's late disclosure was "neither substantially justified nor harmless" because "it would be extremely untimely and prejudicial."

The parties proceeded to the bench trial on the issue of whether Serendipity, LLC's breach of the Captain Warranty increased the hazard insured. Serendipity, LLC presented several lay witnesses, including Captain Trevor Lightbourne, Captain Scott Connelly, and Oakley, while Lloyd's called a weather expert, Dr. Austin Dooley, and Captain Danti. In its order after the trial, the district court found a full-time captain would have created a hurricane plan to follow before the vessel left for the Bahamas, would have investigated haul-out options and other alternative places to store the vessel during a hurricane, and would have perceived the risk the storm posed early enough and would have moved the vessel to a safer place. Rejecting Serendipity, LLC's proffered reasons why the failure to hire the captain did not increase the hazard, the court concluded that Serendipity, LLC's failure to hire a full-time captain increased the hazard because of the failure to have a hurricane evacuation plan, failure to investigate haul-out options and other places to move the vessel, and inability to move it quickly because there was no captain in the Bahamas, with the vessel.

## I. DISCUSSION

### A. *Standard of Review*

We review the district court's conclusions of law and application of the law to the facts de novo in a bench trial. *U.S.*

23-13176                 Opinion of the Court                 5

*Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, 894 F.3d 1313, 1322 (11th Cir. 2018).  However, we review the district court's findings of fact under the clear-error standard. *Id.* "We will not find clear error unless our review of the record leaves us with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotations and citations omitted).

B.  *Increased Hazard*

Although we previously determined that Serendipity, LLC had breached the Captain Warranty, Florida law requires more for an insurer to deny coverage.  Under Florida law,

> A breach or violation by the insured of a warranty, condition, or provision of a wet marine or transportation insurance policy, contract of insurance, endorsement, or application does not void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.

Fla. Stat. § 627.409(2).  "The statute is designed to prevent the insurer from avoiding coverage on a technical omission playing no part in the loss." *Pickett v. Woods*, 404 So. 2d 1152, 1153 (Fla. 5th DCA 1981).  For that reason, the insurer bears the burden of proving that the hazard was increased. *Florida Power and Light v. Foremost Ins. Co.*, 433 So.2d 536, 536–37 (Fla. 4th DCA 1983). The question of whether an insured increased the hazard is typically a question of fact for the jury. *Serendipity at Sea*, 56 F.4th at 1290.

A hazard, for purposes of the statute, concerns "danger to the insured vessel itself." *See Eastern Ins. Co. v. Austin*, 396 So.2d 823, 825 (Fla. 4th DCA 1981). Thus, in *Eastern Insurance*, the court rejected the insurer's argument that the owner's sale, three or four times, of excess fish he and his guests caught while on board a vessel insured as a non-commercial yacht, "increased the hazard" and warranted denial of coverage when the vessel later sank during a storm. *Id.* Instead, the breach must directly relate to the accident that caused the claimed damage. *Id.*

In this bench trial, the district court carefully considered the evidence presented by both parties. With respect to Serendipity, LLC's witnesses, the district court carefully considered the testimony of Captain Lightbourne, Captain Connelly and the owner, Mr. Oakley. Although neither Captain Lightbourne nor Captain Connelly were full-time captains for the Serendipity, both consulted with Mr. Oakley in the days leading up to September 1, 2019, when Hurricane Dorian hit the Abacos and destroyed the Serendipity. Both advised Mr. Oakley against evacuating the vessel from its location moored at Treasure Cay. The district court discounted the opinions of Captain Lightbourne and Captain Connelly in part[1] because "a significant factor in the decision to remain in Treasure Cay was that no hurricane evacuation plan existed for the

---

[1] Also the district court noted that there was no captain in the Abacos who could take the Serendipity away immediately. Captain Connelly and Mr. Oakley were in Florida and would have to have flown to Treasure Cay. Although Captain Lightbourne was in Treasure Cay with the vessel, he was not able to leave because he owed obligations also to other vessels.

23-13176              Opinion of the Court                    7

Serendipity."  As noted above, the district court found that a full-time captain would have had a hurricane evacuation plan.

Moreover, the district court found that the testimony of Lloyd's witnesses—Captain Danti and weather expert Dr. Dooley—was more persuasive.  **Id.** Based primarily on the testimony of Captain Danti—which the district court found credible—the district court found that—unlike Captain Lightbourne, Captain Connelly and Mr. Oakley—a full-time captain would have had a hurricane evacuation plan and would have investigated haul-out options and other alternative places to which to remove the vessel in the event of a hurricane.  And based on the testimony of Captain Danti and Dr. Dooley, the district court found that a full-time captain would have taken the opportunity to evacuate the Serendipity under these circumstances.  The district court found that the damage to the vessel would thus have been avoided.

We cannot conclude that the district court clearly erred when it found a full-time captain would have created a hurricane plan to follow before the vessel left for the Bahamas, would have investigated haul-out options and other alternative places to store the vessel during a hurricane, and would have perceived the risk the storm posed early enough to have moved the vessel to a safer place. Captain Danti's extensive experience and expertise made his testimony convincing and his opinions regarding how the weather would affect decisions about moving the vessel were bolstered by Dr. Dooley's opinions about the path of the hurricane.

Similarly, we cannot conclude that the district court clearly erred when it found that, under those facts, the failure to have a full-time captain increased the hazard the Serendipity faced when Hurricane Dorian hit. With a full-time captain acting as the district court found one would, the Serendipity would have been able to avoid the worst of the storm by travelling out of the path because it would have had a plan and alternatives lined up. Accordingly, we cannot conclude that the district court clearly erred when it found that the failure to have a full-time captain, as required by the insurance contract, increased the hazard and denial of coverage under the Captain Warranty was appropriate.

### C. *Denial of Motion to Permit Disclosure and Reopen Discovery*

Serendipity, LLC also appeals the district court's denial of its motion to permit disclosure of an expert witness out of time and reopen discovery for the limited purpose of deposing that expert. Serendipity, LLC argues that the district court abused its discretion when it denied the motion causing substantial harm to Serendipity, LLC.

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami–Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting *Guideone Elite Ins. Co. v. Old Cutler*

*Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005)). Under "the abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Guideone*, 420 F.3d at 1325.

Rule 26(a)(2)(D) requires the disclosure of expert testimony "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Generally, disclosure of expert testimony must occur "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). Thus, Rule 26(a)(2)(D)(i) sets a default deadline when the trial court does not set its own schedule. *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 811 (11th Cir. 2017). While a court may "grant a post hoc extension of the discovery deadline for good cause, it [is] under no obligation to do so" and, "in fact, we have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

"[I]n evaluating whether the exclusion of a late witness was an abuse of discretion, an appellate court should consider the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness had been allowed to testify." *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008) (cleaned up). We have held that the first and third factors can together outweigh the second. *Id.*

Here, the district court held that Serendipity, LLC's late disclosure was neither substantially justified nor harmless because of its extreme untimeliness and prejudicial nature.  It noted that expert disclosures were due on October 7, 2020, which was 921 days before the motion was filed.  The court had by this time already adjudicated a motion for summary judgment, the case had been up on appeal, and the trial was scheduled to take place in about a month.  As recognized by Serendipity, LLC's counsel at the Status Conference, discovery had closed by the time of the remand from this court.  Finally, the court noted that the rationale given for the reopening was based a new trial strategy, which the court did not find to be good cause to deviate from the previously set deadlines.

As the district court noted, Serendipity, LLC's motion to permit late disclosure argued that the previous counsel had focused exclusively on the breach but not on the increase in hazard issue and that the plaintiff should not have to suffer as a result of the misplaced focus.  It further argued that there was little prejudice because there was time for Lloyd's to depose the expert and his testimony would be limited to rebutting Lloyd's expert's opinions.

We cannot conclude that the district court abused its discretion in denying Serendipity, LLC's belated motion.  Discovery had closed on October 7, 2020, 921 days before Serendipity, LLC's motion was filed on April 16, 2023.  The motion was filed just over a

month before the May 22, 2023, trial.[2]  Moreover, shortly after the remand from the Eleventh Circuit, a pretrial conference was held on February 16, 2023, and Serendipity, LLC expressly agreed that all discovery was complete.

Federal Rule of Civil Procedure 37(c)(1) provides that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  The district court here found that Serendipity, LLC's untimely failure to identify its expert witness was neither substantially justified nor harmless.  The district court recognized that established law provides that its discretion in this regard is to be guided by: 1) Serendipity, LLC's explanation for it failure to disclose the witness; 2) the importance of the testimony; and 3) the prejudice to the opposing party.

With respect to Serendipity, LLC's reasons for the delay, Serendipity, LLC's motion told the district court only that former counsel had "focused too much on the breach of the Captain Warranty, and overlooked the significance of the need to opine on if and how that breach increased the hazard."  We cannot conclude that the district court abused its discretion in holding that Serendipity, LLC's reasons for the delay were wholly inadequate.  The Florida law has long been established that a breach of an insured's

_____

[2] The trial had been scheduled for April 24, 2023, but an unopposed motion was filed on April 2, 2023 (and granted on April 3, 2023) to continue the trial to May 22, 2023.

obligations under the insurance contract will not relieve the insurance company of its obligations unless the breach increases the hazard insured.   Ch. 71-45, § 2, 1971 Fla. Laws.  Moreover, in this very case, the issue of increased hazard, *vel non*, was apparent to Serendipity, LLC not only from the established law, but also that issue had been prominently raised by the magistrate judge at least as early as well over two years before Serendipity, LLC's motion. Serendipity, LLC's motion did not even attempt to persuade the district court that former counsel had failed to recognize this issue and seek expert testimony notwithstanding an exercise of due diligence.

Serendipity, LLC's motion told the district court nothing at all with respect to the second prong of the test—the importance of the expected testimony from the new expert witness.  The motion told the court only the name of the proposed new expert.  Although the motion noted that the new expert would be used to rebut the conclusions and opinions of Captain Danti, it provided nothing at all with respect to the substance of the expected testimony.

Turning to the third prong of the test—prejudice to the opposing party—Serendipity, LLC's motion did offer its new expert for deposition and argued that therefore there would be no prejudice to Lloyd's.  However, with no information with respect to the substance of the testimony expected from the new expert witness and just over a month left before trial, the district court was obviously concerned about the prejudice to Lloyd's.  We cannot

conclude that the district court abused its discretion in concluding that the extremely untimely disclosure would be prejudicial to the opposing party.

With no information at all with respect to the substance of the expected testimony and no information with respect to the importance thereof,[3] in light of the gross untimeliness of the motion and the short time before the trial date and prejudice to Lloyd's, and in light of the lack of due diligence on the part of Serendipity, LLC and the gross inadequacy of its reasons for delay, we cannot conclude that the district court abused its discretion in denying Serendipity, LLC's motion.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[3] Serendipity, LLC argues for the first time on appeal that the district court's denial of its motion caused substantial harm to its case. As noted above, not only did Serendipity, LLC's motion to the district court fail to make this argument, it did not even address the importance of the proposed testimony for its case.